**Victor E. Witherstine et al., Defendants in Error, v.
Marguerite E. Snyder et al., Plaintiffs in Error.**

### Gen. No. 6,988.

1. CONTRACTS—*enforcement in equity of provision making time
of essence.* Where the parties to a contract, by express stipulation,
make time of its essence, such provision will be recognized at law
and also generally in equity, but equity will refuse to enforce such
a provision when to do so would be unconscionable.

2. VENDOR AND PURCHASER—*injustice warranting refusal of for-
feiture clause in equity.* Where the enforcement of a forfeiture pro-

vision in a land contract would result in the vendor retaining liquidated damages in the sum of $4,454.67 because of a default in payments amounting to $713.23, there is such a disparagement between the benefits to be gained by the vendor and the loss to be suffered by the vendee that it would be unjust and inequitable for a court to sanction it.

3. QUIETING TITLE—*relief as discretionary.* The rescission, cancellation and delivery up of deeds or agreements are within the sound discretion of a court of equity, to be exercised according to the court's notion of what is reasonable and proper under the circumstances.

4. VENDOR AND PURCHASER—*inequity of decree of forfeiture for breach as affected by provision for temporary retention of possession.* The inequality resulting from the forfeiture of a land contract upon which $4,454.67 had been paid because of default in the payment of $713.23 was not compensated by the decree of the chancellor in permitting the vendee to continue in possession for 45 days.

5. VENDOR AND PURCHASER—*alternative provision for payment in decree for forfeiture of contract.* Under a bill to declare a land contract forfeited and annulled, to have the record thereof set aside, and for the appointment of a receiver and issuance of a writ of possession, the court could not properly find that there was money due under the contract and require payment of the entire amount due on the purchase price to be made long in advance of the time fixed by the contract, and further to require such payment to be made in gross instead of in instalments as specified for in the contract.

6. VENDOR AND PURCHASER—*when failure to give notice of declaration of forfeiture of contract immaterial.* When it is decided that no right of forfeiture of a land contract existed at the time of bringing a suit for that purpose, it is immaterial whether any sufficient notice of declaration of forfeiture was given.

Error to the Circuit Court of Winnebago county; the Hon. EDWARD D. SHURTLEFF, Judge, presiding. Heard in this court at the October term, 1921. Reversed and remanded with directions. Opinion filed June 9, 1922.

FRANK M. RYAN, for plaintiffs in error.

ROY F. HALL, for defendants in error.

MR. JUSTICE JONES delivered the opinion of the court.

On July 14, 1920, Victor E. Witherstine and

Josephine Witherstine, his wife, entered into a written agreement with Henry H. Snyder and Marguerite Snyder, his wife, whereby it was agreed that Witherstine and his wife would, upon certain payments being made to them as mentioned in the contract, convey to the said Snyder and his wife a parcel of real estate located in the City of Rockford, Illinois.

The total consideration was $18,000 and was to be paid as follows: $4,000 on or before September 1, 1920; the balance at the rate of $160 each and every month thereafter beginning October 1, 1920, interest being first deducted from said monthly payments and the balance to be applied on principal. When the principal with interest and all other charges had been reduced to $10,000, then the Witherstines were to execute a deed to Snyder and his wife subject to an incumbrance for said balance of $10,000. It was further agreed that the Snyders were to pay one-third of the taxes levied in 1920. The contract also contained the following provisions: "And in case of failure of said party of the second part to make either of the payments or any part thereof, or perform any covenants on their part hereby made and entered into, this contract shall at the option of the party of the first part be forfeited and determined, and that party of the second part shall forfeit all payments made by them on this contract, and such payments shall be retained by said party of the first part in full satisfaction and redemption of all damages by him sustained, and he shall have the right to re-enter and take possession of the premises aforesaid. * * * It is mutually agreed by and between the parties hereto that time of payment shall be the essence of this contract."

Possession of the premises was to be given to the Snyders on September 1, 1920, from which time interest was to accrue.

Pursuant to the agreement the said above-mentioned first payment of $4,000 was made and the Snyders,

hereafter called plaintiffs in error, took possession of the premises upon which there was located a building of considerable size, a part of which building was occupied by plaintiffs in error with their children as a home. Other portions of the building were rented to roomers. The management of the property was in charge of Mrs. Snyder. It appears that her husband, who is a landscape artist, did not remain at home a great deal nor contribute much to the support of the family.

The monthly payments of $160 were made in October, November and December of 1920, and in January and February, 1921. By reason of business depression, Mrs. Snyder was unable to keep the premises rented and thereby became unable to make the monthly payments due in March, April, May and June, 1921. Accordingly on June 16, 1921, defendants in error notified plaintiffs in error that if they failed to pay the amounts due on the said contract on or before June 24, 1921, a forfeiture would be declared.

Nothing having been paid on said past due monthly instalments, the defendants in error filed the bill in chancery in this case in which the contract was set out and the facts above mentioned were alleged. The prayer was that the contract may be declared forfeited and annulled; that the record thereof be set aside as a cloud upon the title to said premises; that a receiver may be appointed to take possession of the premises and to collect rents; that a writ of possession may issue to the defendants in error and for general relief.

The plaintiffs in error demurred to the bill, which demurrer was overruled. Thereupon they filed an answer and a cross-bill. It is not necessary for us to recite the allegations of the cross-bill. Its prayer was that the cross complainants be granted the usual period for redemption and that they might be permitted to continue in possession of the premises during such period allowed for redemption. A demurrer to

the cross-bill was sustained and the cross complainants elected to abide by their said cross-bill. The evidence was heard in open court before the chancellor.

A decree was entered in favor of the complainants in the. original bill, the defendants in error here, on July 27, 1921, finding that there was due on June 24, 1921, to the defendants in error the sum of $640 under the contract; that said còntract was wholly forfeited; that defendants in error retained the amounts paid on said contract in full satisfaction and in liquidation of all damages by them sustained and that said sums were forfeited by the plaintiffs in error and that the defendants in error had the right to recover possession of the premises on June 25, 1921, and that the plaintiffs in error have no further interest whatever in said property and have had no interest therein since said June 25, 1921; that the plaintiffs in error having paid more than $4,000 under the contract, it would be equitable to allow them to remain in possession thereof a further period of 45 days; that there is now due and owing from said plaintiffs in error under said contract, including principal, interest and one-third of the taxes for the year 1920, the sum of $14,014.61; that it would be equitable to permit the plaintiffs in error to pay the full amount of said $14,014.61 within said 45 days and, upon the payment thereof, a deed to the premises should be executed to them by the defendants in error; or if they would pay the sum of $8,014.61 within said period of time they should be entitled to a deed to the premises subject to a mortgage of $6,000, provided they released the defendants in error from all personal liability on the notes secured by said mortgage for $6,000. The record does not disclose that there was any mortgage of $6,000 upon the premises.

The plaintiffs in error present two principal propositions: First, that it was inequitable under the circumstances either for the defendants in error or for the chancellor to declare a forfeiture of the contract,

and second, that even though the right to declare a forfeiture existed, no declaration of forfeiture was actually made.

The facts in this case are quite simple. If the first contention of plaintiffs in error is correct, then there need be no discussion of the second contention. The contract clearly provides that if the plaintiffs in error failed to make any payment or part thereof, as therein provided, the defendants in error shall have the right at their option to declare a forfeiture of the contract and retain all payments theretofore made as liquidated damages and shall have the right to re-enter and take possession of the premises, and it further provided that the time of payment shall be the essence of the contract.

Where the parties to a contract by express stipulation made time of its essence, such provision will be recognized at law and also generally in equity but equity will refuse to enforce an express provision making time of the essence of the contract, when to do so would be unconscionable. (13 C. J. 688.)

At the time the bill in this case was filed there had been paid on the purchase price $4,454.67 together with $345.33 interest, making a total of $4,800. Plaintiffs in error were in default of four monthly payments, as before stated, amounting to $640, together with $73.23 for taxes, making a total of $713.23. If the decree in this case is to be affirmed, it means nothing more nor less than that the defendants in error will be permitted to retain as liquidated damages $4,454.67, which the plaintiffs in error have paid on the purchase price, merely because plaintiffs in error are in default to the extent of $713.23. It is impossible for us to reconcile this with equitable conduct. Cases of this kind must be controlled by the circumstances surrounding them. Forfeitures are not favored either in law or equity and agreements making time the essence of a contract will not impel a court of equity to recognize a forfeiture, where to do so will result in

giving one party an unfair advantage over another. There is such a disparagement between the benefits to be gained by the defendants in error and the loss to be suffered by plaintiffs in error in the event of a forfeiture, that it would be unjust and inequitable in a court to sanction it. The plaintiffs in error had in the beginning paid down nearly one-fourth of the purchase price and for five succeeding months had made payments on both principal and interest. Then came the hard times following the war, rents depreciated, tenants became scarcer, and without waiting for the situation to improve, defendants in error attempted to declare a forfeiture of the contract and to take over to themselves a sum of money vastly in excess of any reasonable rental which might have accrued during the four months when plaintiffs in error were in default and also vastly greater than lawful interest for such time on the entire purchase price. In *Springfield & N. E. Traction Co. v. Warrick,* 249 Ill. 470, the Supreme Court of this State has said that: "In equity the harsh remedy of forfeiture yields to compensation when fair dealing and good conscience seem to require it. * * * When equity is applied to for the rescission, cancellation and delivery up of deeds or agreements, the court is not bound to pass upon the question as a matter of absolute right, but it is one within the sound discretion of the court, to be exercised in granting or refusing the relief, according to the court's own notion of what is reasonable and proper under the circumstances of the particular case."

The inequality which would result in the situation of the parties if the attempted forfeiture should be sanctioned cannot be compensated for by the decree of the chancellor in permitting the defendants in error to continue in possession of the premises for 45 days. The value of such possession would not be measurable with the loss to them. Furthermore, the chancellor was in error in decreeing that plaintiffs in error,

in order to prevent an absolute forfeiture, should pay the entire balance of the purchase price, or, in the alternative, should pay all of it except $6,000, which sum should be secured by a mortgage. The error in such provision of the decree undoubtedly resulted from the finding of the court that at the time the decree was entered there was due and owing on said contract the sum of $14,014.61. If the contention of defendants in error is correct, then the contract was forfeited on June 24, 1921, and thereafter nothing was due and owing on it. They had elected to declare a forfeiture, keep all the money that was paid on the contract and to recover immediate possession of the premises. The original bill is predicated upon such a supposed right and while a court of chancery has large powers in adjusting equities between parties before it, nevertheless, the court in this case could not properly find that there was money due and owing under it and require the payment of the entire amount due on the purchase price to be made long in advance of the time fixed by the contract, and further to require such payment to be made in gross and not in instalments as specified by the contract.

Harley J. Burchfield was a party defendant to the original bill and has certain interests in the contract, but in view of our opinion as herein expressed no notice need be taken of his relation to the case.

It is unnecessary for us to discuss the second contention of plaintiff in error because if no right of forfeiture existed at the time of the bringing of the suit, it is immaterial whether any sufficient notice of declaration of forfeiture was given or not.

We are of the view that the decree in this case is erroneous and the cause is reversed and remanded with directions to the chancellor to dismiss the bill for want of equity.

*Reversed and remanded with directions.*