Michael J. O'Malley and Beverly Bank, an Illinois Banking Corporation, as Trustee Under Trust No. 8–0644, Plaintiffs-Appellees, v. Nathan Cummings, Defendant-Appellant.

Gen. No. 51,571.

First District, Third Division.

September 14, 1967.

Hopkins, Sutter, Owen, Mulroy, Wentz & Davis, of Chicago (Anderson A. Owen, Thomas C. Shields, and George Kelm, of counsel), for appellant.

Altheimer, Gray, Naiburg, Strasburger & Lawton, of Chicago (Lionel G. Gross, Norman M. Gold, and Roger B. Harris, of counsel), for appellees.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

In an amended complaint the plaintiffs, Michael O'Malley and the Beverly Bank, as beneficiary and trustee respectively of a trust agreement, sought specific performance of a contract. By the contract the defendant, Nathan Cummings, had agreed to sell a parcel of improved real estate to the bank's assignor, Harold Richter. Opposing motions for summary judgment were filed, that of the plaintiffs was granted, specific performance was decreed and the defendant appeals.

The contract was executed on May 1, 1965. The purchase price was $150,000 less $15,000 earnest money paid on that date. Cummings was to deliver a preliminary report on title for insurance in the policy amount of the purchase price. If the report disclosed title defects other than those permitted by the agreement, Cummings had to cure them within 60 days from the date of the preliminary report and to furnish a later report showing them cured, removed or waived. From May 1st until termination of the agreement Richter was entitled to the

income from the property and was required to pay all the expenses of its operation, including taxes; part of his obligation in this regard was to deposit with Cummings on or before the 15th day of each month $1,337.60, an amount stated to be $\frac{1}{12}$th of the general real estate tax. The closing date was to be "such date as shall be agreed upon between Seller and Buyer, but . . . not later than November 1, 1965." Paragraph 11 of the contract provided:

> "Remedies Upon Default. If Buyer defaults hereunder, the earnest money of $15,000 shall be forfeited as liquidated damages in lieu of all other remedies by Seller and this Agreement shall thereupon be terminated. If Seller defaults hereunder, the earnest money shall be refunded to Buyer, in lieu of all other remedies of Buyer and this Agreement shall be terminated."

Some time after May 1st Cummings delivered to Richter a preliminary title report in the policy amount of $50,000 which showed as an unpermitted objection an unsatisfied judgment against Cummings' predecessor in title. Richter caused the title insurer to waive several other title defects but did not complain about the judgment lien nor about the deficiency in the amount of the policy. Five times during October 1965 Cummings' attorney telephoned Richter to inquire when the sale would be consummated. Richter at first agreed to have the closing on October 29th and then changed it to November 1st, but he did not keep his appointment. On November 2nd Cummings sent notice that the agreement was terminated due to Richter's default, and retained both the $15,000 earnest money and $6,701.80 which had been deposited for the real estate taxes. On November 12th the plaintiffs filed their original complaint to enjoin Cummings from interfering with their possession of the

premises, and on November 27th they tendered a check for the unpaid balance of the purchase price less prorations. The tender was refused. Thereupon the complaint was amended and the prayer for specific performance added.

Cummings contends that summary judgment should not have been granted the plaintiffs because specific performance may be decreed only if the moving party has complied with all the provisions of the contract, and Richter was in default in the performance of his contractual obligations when the contract was terminated and his tender of performance—26 days after the closing date—was too late to cure his default. The defendant also contends that paragraph 11 of the contract excluded specific performance from the remedies available upon a default.

 In decreeing specific performance the chancellor apparently held that Cummings was not entitled to terminate the contract because of Richter's default for, if he was not, the subsequent tender of performance qualified the plaintiffs to seek specific performance. Cf. Lang v. Parks, 19 Ill2d 223, 166 NE2d 10 (1960). The contract did not provide that timely performance was essential. Because of this, the chancellor could have reasoned that Richter's failure to perform at the time set out in the contract did not of itself preclude the plaintiffs from obtaining specific performance and that the decree should issue since the tender was made within a reasonable time after the stated time. Murphy v. Lockwood, 21 Ill 611 (1859); Restatement, Contracts, § 276(e) (1932). However, the parties to a contract may make timely performance material even though there is no express provision to that effect. Zempel v. Hughes, 235 Ill 424, 85 NE 641 (1908); Bishop v. Newton, 20 Ill 175 (1858). Therefore, a consideration of the conduct of the parties and the circumstances accompanying per-

formance of their duties is necessary to determine whether time was of the essence and whether the tender was effective to cure the default.

The contract imposed a variety of duties on both parties and set forth the times by which they were to be performed, but in several instances each party failed in his compliance with its terms. For example, Richter at least twice, in June and again in August, 1965, failed to make the deposit for the real estate taxes. He was informed of his neglect, tendered the amounts owing and the defendant received them without objection. Cummings failed to furnish the preliminary title report in the amount of $150,000 within 20 days from the date of the agreement; although he was billed by the title insurer for insurance in the agreed amount, the only report he furnished stated that it was for $50,000. The unpermitted judgment lien, which the preliminary report disclosed, was subsequently waived by the title insurer, but no supplementary report showing this fact was sent to Richter. Finally, on November 1st the property was subject to an unpermitted tax lien; Cummings had, however, initiated proceedings which would lead to elimination of the tax deficiency.

The plaintiffs contend that the delays and defaults in the performance of the contract show that the parties did not regard the time of performance as essential. But waiver of the time element of one provision of a contract does not necessarily effect a waiver of all of its time specifications; the extent to which the contract is modified depends upon the nature of the change and the intention of the parties. Boardman v. Bubert, 325 Ill 38, 155 NE 784 (1927). Although Cummings was in default in the performance of several of his obligations, his defaults could have been rectified at the consummation of the sale. The evidence discloses that he fully desired the closing to be, as the contract provided, "not

later than November 1, 1965." His attorney telephoned Richter on October 8th, October 14th, October 15th, October 28th and October 29th to ask when Richter would be prepared to close the sale, and he did not indicate that the time would be extended beyond November 1st. Richter agreed to the November 1st appointment but failed to show up. It should be noted that neither Richter nor the plaintiffs prior to the filing of the complaint protested about Cummings' defaults. In these circumstances it cannot be said that the parties intended to deviate from their agreement to consummate the transaction by November 1st.

■ The remedies provision of the contract established as the defendant's sole remedy a declaration of forfeiture and termination of the agreement. If he did not exercise his remedy immediately upon the default, the contract would remain in effect, his right to terminate it might be deemed waived (cf. Brown v. Jurczak, 397 Ill 532, 74 NE2d 821 (1947)), and his title would be encumbered by the "option to purchase" thereby created in Richter. The remedies provision, considered with the agreement to complete the sale by November 1st and Cummings' earnest and repeated attempts to meet with Richter and close the deal by the specified date, makes clear that timely performance was material. Consequently, the notice given after Richter failed to attend the closing terminated the agreement, and the tender of performance came too late. Since Richter failed to comply with the contractual term setting the closing date, the plaintiffs are not entitled to the relief decreed. Cf. Beesley Realty Co. v. Busalachi, 28 Ill2d 162, 190 NE2d 715 (1963) and Robnett v. Miller, 303 Ill 515, 135 NE 705 (1922).

■ ■ Our decision on the defendant's first point makes unnecessary a discussion of his second. However, there remains one last point for consideration, and that point also involves paragraph 11 of the contract. Pur-

451

porting to act in accordance with that provision, the defendant declared that the $6,701.80 tax deposits as well as the $15,000.00 earnest money were forfeited. Forfeitures are not favored in equity, and agreements making time the essence of a contract will not impel a court of equity to recognize a forfeiture where to do so would result in giving one party an unfair advantage over the other. Witherstine v. Snyder, 225 Ill App 189 (1922). It would be inequitable to sanction the forfeiture because both parties were in default and there is a great inequality between the loss to be suffered by the plaintiffs and the benefit to be gained by the defendant. Because of this inequity and mutual nonperformance, both parties are barred from resorting to the remedies provision, and the contract must be rescinded. Horan v. Blowitz, 13 Ill2d 126, 148 NE2d 445 (1958).

The plaintiffs are entitled to the return of their earnest money and tax deposits. They and the defendant must be returned as nearly as possible to the condition in which they stood before the contract was made. The summary judgment and the decree for specific performance will be reversed. The cause will be remanded for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded with directions.

SULLIVAN, P. J. and SCHWARTZ, J., concur.