JANSSEN BROTHERS, INC., Plaintiff-Appellee, *v.* NORTHBROOK TRUST & SAVINGS BANK, as Trustee, Defendants-Appellants.

(No. 72-368;

Second District—July 9, 1973.

Churchill & Baumgartner, of Grayslake, for appellants.

Weinstein, Myer, New & Berlin, of Chicago, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

This appeal questions the propriety of the trial court's order, entered upon the representations of plaintiff's counsel, and.without the taking of evidence, granting plaintiff leave to deposit a sum of money in escrow pursuant to a settlement agreement between the parties, although such deposit was tendered after the date specified in the agreement.

The facts are undisputed. This action was brought initially to recover damages for the breach of a certain lease and option agreement, and the complaint was then amended to include an additional count to establish that a deed to plaintiff's property running to defendants, and a lease back to plaintiff, were, in fact, intended only to establish a security interest in defendants. A hearing was had on the latter issue, and an order entered for plaintiff. Defendants then filed a counterclaim for foreclosure of the security interest.

On July 13, 1972, a comprehensive settlement agreement was reached with the court's assistance, and was dictated into the record. Under its terms, an escrow was to be created with Chicago Title Insurance Company. Each of the parties had held title in a trust, and was to deposit in the escrow. a deed to the trustee for the other party, along with any other documents which would be necessary to clear any title objections which might exist. Plaintiff was to deposit with the title company a sum of money sufficient to pay its obligation to the defendants, less certain credits claimed by plaintiff. If all of plaintiff's deposits were timely made, as required in the escrow, so that Chicago Title Insurance Company was in a position; by the close of business on September 11, 1972, to pay out all of the items agreed to, the deed from the defendants to the plaintiff was to be recorded, and the sums deposited by plaintiff delivered to the parties entitled. to them. If the deposits were not made by the close of business on September 11, 1972, the deed from the plaintiff to the defendants was to be recorded and, with certain minor

exceptions, all funds deposited were to be refunded to plaintiff. The operation of the escrow was to be automatic, the court stating, "if the money isn't deposited, the recording of certain deeds will be automatic. If the money is deposited, the recording of the deeds will be automatic * * *." The court retained jurisdiction for purposes of enforcement.

On September 15, 1972, plaintiff sent a notice to defendants that it would appear on September 19, 1972, and "request the court's instructions regarding that certain Stipulation heretofore entered in the above entitled cause and Escrow No. 6085 at the Chicago Title & Trust Company, Lake County Division, entered into by the parties pursuant to said Stipulation."

On September 19, 1972, the parties appeared before the trial judge. No evidence was introduced and no documents were presented. Counsel for the plaintiff represented to the court, however, that an escrow agreement had been entered into in conformity with the stipulation; that the plaintiff had made a timely deposit of a portion of the funds required and had, on September 11, 1972, deposited a letter from McHenry Savings and Loan Association indicating that the Association was willing to give the plaintiff a first mortgage in an amount which would give it sufficient funds to comply with the escrow agreement, but that the proceeds of that mortgage were not tendered to Chicago Title Insurance Company until September 15, 1972, four days after the termination date provided for in the stipulation; that plaintiff's counsel had attempted to call defendants' attorney on September 11, but was unable to reach him because he was engaged in a trial (both briefs state that no representation was made as to the purpose of that call, although this is not included in their stipulation, and the court's order recites the representation that the call was to discuss the status of the escrow); that defendants' counsel, learning on the morning of September 15 that all required funds had not been deposited with the title company, advised plaintiff's counsel that he would demand that the title company not accept any further tender of funds; and that defendants' counsel did make such demand, by reason of which when plaintiff tendered the balance of funds required to the title company at 2:00 P.M. on September 15, the title company refused the tender.

Over the objection of counsel for the defendants that the court was writing a new agreement for the parties and had seen neither the escrow agreement nor the commitment letter of McHenry Savings and Loan (the court did not see these prior to the entry of its order; however, the escrow agreement was appended as an exhibit to a statement of representations entered of record by the court along with its ruling on plaintiff's motion), the court entered an order giving the plaintiff "leave to

deposit in Escrow 6085 with the Chicago Title & Trust Company, instanter, net mortgage proceeds in the sum of $62,775.00, which deposit shall be construed to have been timely made in accordance with the terms of said escrow relating to the obligation of Janssen Brothers, Inc. to make deposits."

Defendants first claim that the court should not have entered judgment on the basis of an informal procedure which did not include either written pleadings or the taking of sworn evidence to support the judgment. They additionally argue that the court abused its discretion in ordering that a deposit made after the date specified in the settlement agreement would be construed as timely.

Plaintiff counters that a summary proceeding is proper to enforce a settlement agreement and that formal pleadings are unnecessary. Plaintiff also argues that the matters represented by counsel were all within his personal knowledge and that he served as an officer of the court.

■■ The objection to the procedure followed has merit. A motion for entry of judgment in accordance with a settlement agreement of the parties may properly be granted in summary proceedings, under certain circumstances. (See *Massachusetts Casualty Insurance Co. v. Forman* (5th Cir. 1972), 469 F.2d 259, 260; *Autera v. Robinson* (Dist. Col. Cir. 1969), 419 F.2d 1197, 1200.) Summary procedure is not, however, suited to a situation in which substantial questions are present relating to the formation and terms of a settlement agreement or its consummation, and evidence or testimony is required to satisfactorily resolve the issue. (*Autera v. Robinson* (Dist. of Col. Cir. 1969), 419 F.2d 1197, 1200.) In such cases general rules of evidence apply to determine the existence of the agreement, the matters included in it and its performance or breach. *Knoll v. Swanson* (1968), 92 Ill.App.2d 398, 403.

It may have seemed quite likely to the trial judge that there could be no substantial question raised as to the consummation of the settlement since the escrow funds apparently had been deposited when the parties appeared before the court on plaintiff's motion for instructions on September 19, 1972. However, defendants objected to the summary disposition; and they have represented here that the deposit of funds as well as the commitment letter is conditioned on the lender securing a valid first lien on the property, which they say may be impossible of performance without the deposit of additional funds, because of state and federal revenue liens recorded against the plaintiff. These questions cannot be answered on the record before us without a hearing, nor are we in a position to review the trial court's resolution of the issues.

The defendants have also argued that even if it were shown that the deposited funds were sufficient to consummate the settlement agree-

ment, .no legal basis was shown for the court's order. Defendants argue that the terms of both the stipulation agreement and the escrow are specific in requiring a deposit of a total sum of money by the close of business on September 11, 1972, and make no provision for a deposit of a letter of commitment from a lending institution. Defendants also note that the agreement made the recording of deeds automatic on that date, and that no justification is shown for the delay. Plaintiff does not attempt to impeach the agreement on the basis of fraud or mistake, but contends that the trial court's order is sustainable as a proper exercise of discretion as to the manner of enforcement of the agreement.

■■■ The court's exercise of discretion is measured against legal principles applicable to contracts generally. (See *Wilson v. Bogert* (Idaho 1959), 347 P.2d 341, 345; *McNair v. Goodwin* (N.C. 1964), 136 S.E.2d 218, 223.) Time is not deemed of the essence unless it is made so by the terms of the agreement, or is shown by the agreement to be the intention of the parties. Even then, equity will refuse to enforce such a provision when to do so would be unconscionable or would give one party an unfair advantage over the other. (*Witherstine v. Snyder* (1922), 225 Ill. App. 189, 194; *Manaster v. Young* (1940), 302 Ill.App. 545, 553.) While forfeitures are not favored in law or in equity (*Witherstine v. Snyder* (1922), 225 Ill.App. 189, 194), equity recognizes the rights of the parties to a contract to stipulate to a forfeiture (*Lang v. Hedenberg* (1917), 277 Ill. 368, 377). And it has been held in *King v. Stevenson* (1971, 7th Cir.), 445 F.2d 565, 569, that absent express stipulation, the focus in determining whether time is of the essence should be on the prejudice caused by a delay and on the nature of the task to be performed.

■■■ The settlement agreement before us contained no express provision that time was of the essence, but the precise phraseology is not controlling. Parties to a contract may make timely performance material even though there is no express provision to that effect. *O'Malley v. Cummings* (1967), 86 Ill.App.2d 446, 449.

We are unable to review the court's exercise of discretion by the application of these principles on the basis of the summary procedure followed. We express the view, however, that if the representations made to the court by plaintiff's attorney and which apparently form the substantial basis for the trial court's judgment order are proved correct in a proper hearing, the court could properly exercise its discretion in permitting the deposit of funds four days later than specified on the basis of a commitment letter filed on the intended closing date. (See *Mederacke v. Becker* (1970), 129 Ill.App.2d 434, 438.) We find *Totten v. Totten* (1921), 299 Ill. 43, cited by plaintiff, inapposite, since it dealt with an extension of the time granted in the court's decree rather than

with a settlement agreement and presented a situation in which one of the parties had prevented the other from performing on time.

The judgment below is reversed and the cause remanded with directions to further proceed consistent with this opinion.

Reversed and remanded with directions. ·

GUILD, ·P. J., and T. MORAN, J., concur.