(No. 48581.—

CALVIN JOHN JOHNSON, Appellee, v. CHARLES LAWRENCE LYNCH.—(The Department of Public Aid, Appellant.)

*Opinion filed April 5, 1977.*

William J. Scott, Attorney General, of Chicago (Paul V. Esposito, Assistant Attorney General, of counsel) for appellant.

Philip H. Corboy & Associates, of Chicago (Terence J. Mahoney, of counsel) for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

This is an appeal from an order entered by the circuit court of Cook County adjudicating the Department of Public Aid's claim against plaintiff for medical expenses paid him prior to the settlement of his personal injury suit.

Over objection, the court ordered the Department's charge of $2,375.18 reduced to zero. The appellate court affirmed the reduction finding no abuse of discretion. (38 Ill. App. 3d 48.) We granted the Department leave to appeal.

Plaintiff was injured when the motorcycle he was driving collided with an auto driven by the defendant, Charles Lynch. On September 10, 1974, plaintiff filed suit seeking damages for injuries sustained in the accident. Verified answers to the parties' written interrogatories were subsequently filed. By agreement, the suit was settled for $10,000, which amount represented the defendant's maximum insurance coverage. After payment of plaintiff's attorney's fees and costs, there remained approximately $6,000 for disbursement.

Prior to the settlement, the Department asserted its charge against plaintiff for reimbursement of medical expenses paid or to be paid him. The Department perfected its charge by serving notice to all parties as required by section 11—22 of the Public Aid Code. Ill. Rev. Stat. 1973, ch. 23, par. 11—22.

The plaintiff filed a petition to adjudicate the Department's charge. On August 7, 1975, the court, "having heard the arguments of counsel and being fully advised in the premises," ordered the Department's charge of $2,375.18 reduced to zero. On September 2, 1975, the Department moved the court to vacate the order, or, in the alternative, to set the matter for an evidentiary hearing to determine the factual basis for a proper adjudication of the charge. The court denied the motion.

The Department was then allowed to intervene, and an appeal was taken. On appeal, the appellate court ruled that, absent a showing that the trial court abused its discretion, the court had the authority to apportion the settlement and adjudicate the Department's charge, even to the extent of denying the Department any recovery.

The Department asserts that the trial court abused its discretion in that the record is devoid of any evidence to

support the trial court's reduction. It is also argued that section 11—22 requires, as a matter of law, that the court award the Department at least some portion of its claim for monies paid the plaintiff. We find the trial court to have abused its discretion; therefore, the Department's latter argument is not reached.

In support of affirmance, plaintiff asserts that the trial court was fully advised in the premises in that the court had before it the plaintiff's answers to interrogatories, his pleadings, and the arguments of counsel. As to the lack of an evidentiary hearing, plaintiff contends none was required as the Department never presented any facts or evidence which would necessitate one.

The record on appeal does not contain a report of proceedings or any record in lieu thereof as provided by Supreme Court Rule 323(c) and (d). (58 Ill. 2d R. 323(c), (d).) As gathered from the plaintiff's brief, the Department's motion for an evidentiary hearing, and the absence of a statement in the order indicating that the court heard evidence, it is apparent no testimony was heard by the court on plaintiff's petition to adjudicate the Department's charge. The trial court must have reached its decision based on the information contained in the plaintiff's pleadings, answers to interrogatories, and argument of counsel. Thus, the trial court's statement that it was "fully advised in the premises" does not give rise to the presumption that adequate evidence was heard, as there are contrary indications in the record. *Stickler v. McCarthy* (1965), 64 Ill. App. 2d 1, 20-21, *rev'd on other grounds* (1967), 37 Ill. 2d 48; see *Skaggs v. Junis* (1963), 28 Ill. 2d 199, 201-02, wherein evidence was taken but not recorded, and the trial court's order included a statement that evidence was heard.

*Bender v. City of Chicago* (1974), 58 Ill. 2d 284, reversed a trial court's reduction and adjudication of a similar section 11—22 charge, ruling that, in the absence of any evidence supporting such action, the reduction consti-

tuted an abuse of discretion. Plaintiff attempts to distinguish *Bender* from the instant case, arguing that facts relied on by the trial court in *Bender* were not contained in the record, whereas here the trial court was fully advised, pursuant to the pleadings, interrogatory answers, and argument of counsel, as to the facts and circumstances surrounding the settlement of the lawsuit. The difficulty with plaintiff's attempt at distinguishing the present case lies in the assumption that the pleadings, argument, and answers to interrogatories constituted evidence in lieu of testimony or documentary support. The argument of counsel cannot be considered evidence, and while the documentary items may have been relevant in plaintiff's case against Lynch, they did not constitute evidence in plaintiff's action to reduce the Department's charge.

Prior to 1967, trial courts had no authority to reduce the Department's charge, but were only permitted to determine its amount and validity. (*In re Estate of Poole* (1962), 26 Ill. 2d 443, 445-46.) In 1967, the legislature amended the Public Aid Code to permit courts the authority to "determine what portion of the recovery shall be paid to the injured person and what portion shall be paid" the Department. (Ill. Rev. Stat. 1967, ch. 23, par. 11—22.) At one time, this authority, as construed under the 1870 Constitution, was questioned, but after the 1973 reenactment of this section, following the adoption of the 1970 Constitution, those questions have not reappeared. (See *Davis v. City of Chicago* (1974), 59 Ill. 2d 439, 444.) Even though the court now has the authority to reduce the statutory charge, the burden of producing evidence to support such a reduction rests with the recipient against whom the charge is asserted.

Having concluded that the pleadings, answers to interrogatories, and argument of counsel are not evidence, we find the record lacking any basis upon which the trial court could reduce the amount of the Department's charge.

We, therefore, reverse the judgments of the circuit court of Cook County and the Appellate Court, First District, and remand the cause to the trial court in order that an evidentiary hearing may be conducted.

*Reversed and remanded.*