MARIA LABOY *et al.*, Plaintiffs-Appellees, *v.* U. S. REFRIGERATION SALES & SERVICES CORPORATION *et al.*, Defendants.—(THE DEPARTMENT OF PUBLIC AID, Intervenor-Appellant.)

First District (5th Division)   No. 77-1638

Opinion filed March 30, 1979.

William J. Scott, Attorney General, of Chicago (Joseph D. Keenan, III, Assistant Attorney General, of counsel), for appellant.

S. Jerome Levy, of Lieberman, Levy, Baron & Stone, Ltd., of Chicago, for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

The Illinois Department of Public Aid (Department) brings this appeal from orders of the circuit court adjudicating welfare liens asserted by the Department against plaintiffs, and denying the Department's motion that said adjudication be vacated. On appeal, the Department contends that the court's adjudication order was an abuse of discretion and should be reversed.

The following facts are pertinent to the disposition of this appeal.

Plaintiffs filed complaints alleging that on September 8, 1973, they sustained severe and permanent injuries as a result of an accident caused by defendants' negligence. Plaintiff Maria LaBoy accordingly requested a judgment against defendants in the amount of $1,000,000. Nicholas, her husband, and Miguel LaBoy, her son, and a minor, requested judgments of $50,000. Prior to trial, however, settlements were reached between them and defendants in the respective amounts of $244,000, $45,000 and $6,000.

Maria and Nicholas LaBoy petitioned the circuit court to adjudicate welfare liens filed against them by the Department. The agreed amounts of these liens were $5,737.14 against Maria, $6,752.04 against Nicholas and $631.55 against Miguel. At a hearing on plaintiffs' petitions, plaintiffs' attorney stated that attorneys' fees of 33 1/3% of any settlements had been agreed to by adult plaintiffs Maria and Nicholas and that fees of 25% had been fixed by the probate division of the Circuit Court of Cook County for the minor Miguel. Their attorney asserted that the settlement funds were made available through the efforts of plaintiffs' attorneys, and that the Department's liens on those funds should be reduced by the appropriate percentages representing their fees. Following the hearing, on June 16, 1977, the circuit court entered a "final order of dismissal and adjudication" of the Department's liens. The court ordered, over the Department's objection, that the liens against Maria and Nicholas LaBoy be adjudicated, respectively, from $5,737.14 and $6,752.04 to $3,825, and $4,502, each adjudicated amount "representing a reduction of 33 1/3% to cover

the attorneys' fees in the amount of the pro rata share of the attorneys' fees allocable to the collection of that share of the settlement." The lien against Miguel was ordered similarly reduced from $631.35 to $474, representing a 25% reduction to cover attorneys' fees. The Department's motion to vacate this order was denied, and the Department then brought this appeal.

Opinion

The Department contends that the trial court's order reducing its liens against plaintiffs, as well as the court's refusal to vacate that order, were improper and should be reversed. The liens were reduced by the court under the terms of section 11—22 of the Illinois Public Aid Code (Ill. Rev. Stat. 1975, ch. 23, par. 11—22), which states in pertinent part that:

> "The Illinois Department shall have a charge upon all claims, demands and causes of action for injuries to an applicant for or recipient of financial aid * * * for the total amount of medical assistance provided the recipient from the time of injury to the date of recovery upon such claim, demand or cause of action.
>
> * * *
>
> The court may approve the settlement of any claim, demand or cause of action either before or after a verdict, * * *. The court may determine what portion of the recovery shall be paid to the injured person and what portion shall be paid to the Illinois Department, the local governmental unit or county having a charge against the recovery."

The Department does not attempt to argue with the rule, cited by plaintiffs, that section 11—22 "permit[s] trial courts to exercise sound discretion in adjudicating charges claimed by the Department of Public Aid and to apportion any recovery between the Department and the plaintiff, taking into account attorneys' fees and costs." (*Davis v. City of Chicago* (1974), 59 Ill. 2d 439, 444, 322 N.E.2d 29, 32.) Rather, the Department argues that the court below abused its discretion because proper and sufficient evidentiary support for a reduction of its liens was not presented or adduced. Accordingly, the Department requests that the reduction order be reversed, and the cause remanded to the trial court so that proper evidence may be heard.

We agree with this argument, and find *Johnson v. Lynch* (1977), 66 Ill. 2d 242, 362 N.E.2d 345, cited and relied on by the Department, to be dispositive. In *Johnson*, our supreme court reversed the trial court's reduction of a perfected charge for medical expenses held by the Department of Public Aid against the plaintiff. The court noted that an adjudication and reduction under section 11—2 of the Public Aid Code is

an abuse of discretion when not supported by evidence (see *Bender v. City of Chicago* (1974), 58 Ill. 2d 284, 319 N.E.2d 34), and stated that "the burden of producing evidence to support such a reduction rests with the recipient against whom the charge is asserted." (66 Ill. 2d 242, 246, 362 N.E.2d 345, 347.) The court then concluded that "the pleadings, answers to interrogatories, and argument of counsel are not evidence," that the record lacked any showing of evidence which could have supported the reductions, and that the cause would therefore be remanded to the trial court for an evidentiary hearing. (66 Ill. 2d 242, 246-47, 362 N.E.2d 345, 347.) In the instant case, plaintiffs concede that the court in *Johnson* "rightfully disapproved of a seemingly arbitrary reduction of the [Department's] lien." However, they are unable to point to anything in the record which would prevent the trial court's decision herein from being considered equally "arbitrary." Our review of the record reveals that nothing was presented to or heard by the trial court as a basis for its decision, other than assertions in plaintiffs' petitions and by their attorney, that attorneys' fees were paid as described and that the Department's liens should therefore be reduced. Under *Johnson*, those assertions clearly are not evidence, and cannot be considered adequate support for the trial court's exercise of discretion to adjudicate and reduce the Department's lien.

A conclusion similar to the one stated above was reached in *Schramer v. Wurtinger* (1977), 47 Ill. App. 3d 1034, 362 N.E.2d 1075. In ordering that the decision of the trial court be reversed because under *Johnson* it lacked a sufficient evidentiary foundation, the second district of this court stated that "[w]e do not exclude the possibility that a formal evidentiary hearing may not be required in all cases if the basis and the need for a reduction clearly appears in evidence from the documents before the court." (47 Ill. App. 3d 1034, 1038, 362 N.E.2d 1075, 1079.) We also do not rule that a formal evidentiary hearing must be held in all cases where a reduction of a lien held by the Department is sought. We nevertheless agree with the *Schramer* court that "[t]he record must, at the least, provide an adequate factual foundation for the trial court's sound exercise of discretion." (47 Ill. App. 3d 1034, 1038, 362 N.E.2d 1075, 1079.) Here, as we stated above, the evidentiary support required by our supreme court in *Johnson* was not presented in the trial court, and its decision therefore lacks an adequate foundation to be sustained as a sound exercise of discretion. Accordingly, we reverse the judgment of the circuit court of Cook County, and remand the cause with directions that a proper evidentiary hearing be conducted.

Reversed and remanded with directions.

SULLIVAN, P. J., and MEJDA, J., concur.