IRVING E. HOLLOBOW *et al.*, Plaintiffs-Appellees, *v.* ENERGY RESOURCES CORPORATION *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 79-1329

Opinion filed March 17, 1981.

Schippers, O'Brien & Long, of Chicago (David P. Schippers, John W. Long, and William R. Hogan, of counsel), for appellants.

Hollobow & Taslitz, of Chicago (Barry B. Kreisler, of counsel), for appellees.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Defendants, Energy Resources Corporation (hereinafter referred to as E.R.C.) and Barry Van Der Meulen, appeal from an order of the circuit court of Cook County granting the motion of Irving Hollobow and Lawrence Taslitz (hereinafter referred to as plaintiffs) for judgment in accordance with an alleged settlement agreement. We consider whether the trial court erred in entering judgment in accordance with an alleged settlement agreement without an evidentiary hearing.

In 1975 plaintiffs each purchased from E.R.C., for $25,000, 25 limited partnership units of E.R.C. Oil and Gas Program No. 1975-1. In 1976 plaintiffs purchased from E.R.C., for $10,000, as tenants in common, 10 limited partnership units of E.R.C. Oil and Gas Program 1976-1. On January 20, 1978, plaintiffs, pursuant to section 13 of the Securities Law of 1953 (Ill. Rev. Stat. 1977, ch. 121½, par. 137.13), mailed a letter to E.R.C. electing to rescind the purchase of limited partnership units of both the 1975-1 and 1976-1 programs and demanding a refund of the amounts paid, together with interest from the date of payment.

On February 10, 1978, plaintiffs filed an 11-count complaint against E.R.C., Van Der Meulen, and other defendants who are not parties to this

appeal. Count VII of the complaint asked the circuit court to enforce the rescission election by plaintiffs pursuant to section 13 of the Securities Law of 1953, and to order defendants, E.R.C., Van Der Meulen and Robert Butler,[1] to refund the $60,000 purchase price for the 1975 and 1976 programs, with interest and attorneys fees. Although count VII did not identify either Van Der Meulen or Butler as a person liable to the purchaser under the provisions of section 13,[2] count VII did, however, allege that Van Der Meulen and Butler "knew or should have known that the projects * * * could not be completed on a 'turn-key' basis and that substantial additional funds would be needed to complete the wells."

On March 31, 1978, defendants filed a motion to strike and dismiss all but count VIII, alleging that section 13 was an exclusive, irrevocable election of remedy. On June 9, 1978, the trial court dismissed all but count VII.[3]

On June 30, 1978, counsel for defendants, David Schippers, wrote identical letters to plaintiffs offering to repurchase plaintiffs' shares "pursuant to [their] letter of January 20, 1978 and Count VII of the complaint." The repurchase offer proposed a refund of the entire purchase price, and 8% interest from the date of purchase to June 30, 1978. Attached to the letter were two schedules computing the amount due and owing each plaintiff for each investment. As consideration for this agreement plaintiffs were required to return the liquidation distribution received from the 1975—1 Program and to terminate the litigation. The letters do not indicate upon whose behalf attorney Schippers was acting.

On July 6, 1978 the trial court entered an order finding that plaintiffs had accepted defendants' offer regarding Program 1976-1 and extending the 15-day statutory acceptance limitation, as to Program 1975-1, until further order of court. Plaintiffs acknowledged on July 10, by letter, their acceptance of the Program 1976-1 offer. No mention was made in this letter as to the 1975-1 Program offer.

On August 22, 1978, plaintiffs filed a motion for summary judgment based upon the repurchase offer contained in the June 30, 1978, letter written by Schippers and allegedly accepted by plaintiffs on July 6, 1978. Attached to the motion were the letters of June 30, 1978, the computation schedules, and affidavits of plaintiffs wherein they stated that they had

---

[1] Defendant Robert Butler is not a party to this appeal. However, his name is mentioned often in the relevant pleadings as a central figure in this action.

[2] Section 13 provides that "the issuer, controlling person, underwriter, dealer or other person by or on behalf of whom said sale was made, and each underwriter, dealer or salesman who shall have participated or aided in any way in making such sale, and in case such issue, controlling person, underwriter or dealer is a corporation or unincorporated association or organization, each of its officers and directors (or persons performing similar functions) who shall have participated or aided in making such sale, shall be jointly and severally liable to such purchaser."

[3] Count VII was inadvertently dismissed by the order of June 9, 1978. On November 13, 1978, the trial court reinstated count VII, *nunc pro tunc*, to June 9, 1978.

mailed the rescission letter of January 20, 1978, and had received the attached letters of June 30, 1978. Plaintiffs alleged that they had accepted the 1976-1 Program offer and requested that the court enter summary judgment in plaintiffs' favor and "set this matter for prove-up regarding plaintiffs' damages and attorney's fees. Plaintiffs' motion was continued several times. The first order of continuance, dated September 12, 1978, was prepared by defendants' counsel Schippers and represented that "all matters in controversy had been settled." However, the second order of continuance, dated September 25, 1978, was prepared by plaintiffs and represented to the court "that it is the desire of the defendants to refuse to go forth with said agreement." Defendants' counsel Schippers was not present in court on that date, and the court ordered that the "matter be continued until October 5, 1978 at 9:00 a.m. for the presentation of a court order requiring the agreed upon payment to be made from defendants to plaintiffs, and for the presence of David Schippers, counsel for defendants."

On October 6, 1978, the court entered an order prepared by plaintiffs which provides in pertinent part:

"This cause coming on to be heard * * * for the presentation of an order of court requiring all [d]efendants named in Count VII of [p]laintiff's complaint to pay to [p]laintiffs the agreed upon settlement * * * the court being fully advised in the premises: Does Order: 1) That all [d]efendants jointly and severally pay to [p]laintiffs all sums paid by [p]laintiffs to [d]efendants together with interest at 8% up to and including the date of payment together with attorney's fees in the amount of $5,000, all as previously agreed upon by the respective parties; 2) This order entered over the objection of counsel for defendants, David Schippers; 3) Payment to be made on or before October 16, 1978."

This order states neither the terms of the agreement, nor the specific amount to be paid to plaintiffs by defendants. Nor does the order indicate the basis for the award of attorney's fees in the amount of $5,000. On October 27, 1978, plaintiffs filed a petition for a rule to show cause why defendants should not be held in contempt of court for failure to comply with the court's order of October 6, 1978. The trial court never ruled upon this petition.

On November 2, 1978, plaintiffs filed a verified amendment to their original complaint alleging that E.R.C. is "controlled by and wholly owned or substantially wholly owned by Barry Van Der Meulen and/or Robert Butler; * * * and [is] totally under the dominion and control of Robert Butler and Barry Van Der Meulen and, in fact, [is] their mere alter ego." The amendment further alleged that (1) Barry Van Der Meulen,

either in concert with or with the consent of Robert Butler, was in the process of liquidating the the assets of E.R.C. to the detriment of plaintiffs; (2) that on approximately August 8, 1978, Van Der Meulen "on his own behalf and on behalf of Robert Butler and on behalf of [E.R.C.], agreed to pay [p]laintiffs all monies which [p]laintiffs previously paid to [d]efendants plus interest at 8% per annum plus $5,000 in attorneys fees"; and (3) that Van Der Meulen "repudiated" the settlement agreement. The amended requested judgment against E.R.C., Van Der Meulen, Robert Butler, and Havoco of America, Ltd., in the amount of $60,000 plus interest, reasonable attorney's fees and punitive damages.

On December 14, 1978, approximately six weeks after the amendment to the complaint was filed on November 2, 1978, plaintiffs filed a "motion to enter judgment" against defendants Van Der Meulen, Robert Butler, and E.R.C. "in the amount previously agreed to" plus additional attorneys fees in the amount of $25,000. As support for their motion plaintiffs asserted the following: (1) the January 20, 1978, letter sent by plaintiffs to E.R.C. electing to rescind their purchase of limited partnership units of both the 1975-1 and 1976-1 programs; (2) the June 30, 1978, letters sent by defendants' counsel Schippers to plaintiffs offering to repurchase plaintiffs' limited partnership units; (3) plaintiffs' acceptance in open court on July 6, 1978, of the 1976-1 Program repurchase offer; (4) the allegation that on August 8, 1978, in open court "[d]efendants' counsel and plaintiffs' counsel settled all matters in dispute and agreed to repay to [p]laintiffs all monies paid by [p]laintiffs to [d]efendants named in Count VII of [p]laintiffs' complaint, less any amounts received by [p]laintiffs, plus interest at 8% per annum plus attorney's fees to August 8, 1978 of $5,000"[4]; and (5) the October 6, 1978, order of court requiring defendants to "pay to [p]laintiffs all sums paid by [p]laintiffs to [d]efendants together with interest at 8% up to and including the date of payment together with attorney's fees in the amount of $5,000, all as previously agreed upon by the parties."

On December 28, 1978, eight weeks after the amendment to the complaint was filed by plaintiffs and two weeks after plaintiffs' "motion to enter judgment," Van Der Meulen and E.R.C. filed unverified answers denying the material allegations of the amendment to the complaint. Van Der Meulen, Butler and E.R.C. filed a consolidated answer to plaintiffs' "motion to enter judgment" averring that "all negotiations and all demands, acceptances and alleged agreements were made solely for and on

---

[4] It should be noted that in their amendment to their complaint filed on November 2, 1978, the plaintiffs allege that "on August 8, 1978 Van Der Meulen on his own behalf," as well as on behalf of Butler and E.R.C. agreed to pay plaintiffs "all monies which [p]laintiffs previously paid to [d]efendants plus interest at 8% per annum plus $5,000 in attorney's fees."

behalf of [E.R.C.]," and that "[a]t no time were any negotiations authorized or carried on for and on behalf of defendant * * * Van Der Meulen or defendant * * * Butler."

On February 9, 1979, the trial court, after "having heard the arguments of all counsel and being fully advised in the premises," entered an order which provides in pertinent part:

> "Judgment be and is hereby entered in favor of [p]laintiffs and against Energy Resources Corporation, now known as Hav-Resources Corporation, and against Barry Van Der Meulen in the amount of $79,790.88, pursuant to Count VII of [p]laintiffs' [c]omplaint."[5]

The court set supersedeas bond at $80,000.

On February 21, 1979, defendants E.R.C. and Van Der Meulen filed a motion to vacate the order of February 9, 1979, and to request an evidentiary hearing. Defendants alleged in this motion that the answers filed by defendants raised "substantial issues of fact and law with reference to Count VII as amended." Defendants argued that the court "could enter no judgment with respect to Count VII unless first taking evidence and legal memoranda, and making findings of fact and conclusions of law." The trial court denied defendants' motion on May 2, 1979 and this appeal followed.

Plaintiffs initially contend that the appeal should be "summarily dismissed and the trial court affirmed" because defendants have not filed a report of proceedings or acceptable substitute as provided by Supreme Court Rule 323(c) and (d) (Ill. Rev. Stat. 1977, ch. 110A, par. 323(c) and (d)). Plaintiffs, relying upon *Abbey Plumbing & Heating, Inc. v. Brown* (1977), 47 Ill. App. 3d 719, 365 N.E.2d 115, argue that it is defendants' duty as appellants to furnish this court with a complete record, and that we must assume that the evidence presented was sufficient to support the judgment. Defendants do not quarrel with the general rule, as enunciated in *Investors Shelter Corp. v. Chernick* (1978), 58 Ill. App. 3d 446, 374 N.E.2d 786, that where evidence has been taken, and the appellant fails to include that evidence or testimony in the record on appeal, it is presumed that sufficient evidence was presented to support the judgment. However, defendants reply that no evidence was ever heard by the trial court and therefore it is impossible for them to furnish a report of proceeding or any record in lieu thereof.

■■ In their brief plaintiffs allude to the "many hearings which the record of court orders reflects were held." We have examined these court orders and cannot agree that they "reflect" that "many hearings" were held.

---

[5] Although the trial court made no findings of fact, it appears from the preliminary language of the order that the $79,790.88 reflects the $60,000 purchase price, plus interest at 8% per annum totaling $14,790.88, plus $5,000 in attorney's fee.

Conspicuously absent is a statement in any of these orders indicating that the court heard evidence. Moreover, on February 21, 1979, defendants filed a motion requesting that the trial court vacate its February 9, 1979, order and hold an evidentiary hearing because the order "was entered without [the] taking of any evidence." Plaintiffs apparently did not respond to this motion. We note that if the allegedly deficient record presumably refers to some prior hearing, then it seems quite probable that plaintiffs would have at least asserted that there was such a hearing. Thus, as in *Johnson v. Lynch* (1977), 66 Ill. 2d 242, 245, 362 N.E.2d 345, "the trial court's statement that it was 'fully advised in the premises' does not give rise to the presumption that adequate evidence was heard, as there are contrary indications in the record."

Having concluded that we cannot indulge in the presumption that adequate evidence was heard to support the trial court's ruling, we now consider plaintiffs' argument that the order for judgment on the settlement agreement was properly entered in summary proceedings.

■■ A motion for entry of a judgment in accordance with a settlement agreement of the parties may be, under certain circumstances, granted in summary proceedings. (*Janssen Brothers, Inc. v. Northbrook Trust & Savings Bank* (1973), 12 Ill. App. 3d 840, 843, 299 N.E.2d 431; *Massachusetts Casualty Insurance Co. v. Forman* (5th Cir. 1972), 469 F.2d 259, 260; *Autera v. Robinson* (D.C. Cir. 1969), 419 F.2d 1197, 1200.) "Summary procedure is not, however, suited to a situation in which substantial questions are presented relating to the formation and terms of a settlement agreement or its consummation, and evidence or testimony is required to satisfactorily resolve the issue." *Janssen Brothers, Inc. v. Northbrook Trust & Savings Bank* (1973), 12 Ill. App. 3d 840, 843; *Autera v. Robinson* (D.C. Cir. 1969), 419 F.2d 1197, 1200.

■■ In our opinion there are substantial questions raised as to the formation and terms of the alleged settlement agreement. On July 6, 1978, the trial court entered an order finding that the plaintiffs had accepted the defendants' offer regarding Program 1976-1 as set forth in the June 30, 1978, letter written by defendants' counsel Schippers and extending the 15-day statutory acceptance limitation as to Program 1975-1 until further order of court. In a letter dated July 10, 1978, plaintiffs acknowledged their acceptance of the Program 1976-1 offer. No mention was made as to the Program 1975-1 offer. On August 22, 1978, plaintiffs filed a motion for summary judgment based upon the repurchase offer contained in the June 30, 1978, letter written by defendants' counsel Schippers and their acceptance of the 1976-1 Program offer on July 6, 1978. It is noteworthy that plaintiffs made no reference in this motion filed on August 22, 1978, to the agreement which they subsequently allege was made on August 8, 1978. Moreover, we note that in their amendment to their complaint filed

on November 2, 1978, plaintiffs alleged that on approximately August 8, 1978, "Van Der Meulen on his own behalf and on behalf of Robert Butler and [E.R.C.], agreed to pay to [p]laintiffs all monies which [p]laintiffs previously paid to [d]efendants plus interest at 8% per annum plus $5,000 in attorney's fees." No allegation was made that such agreement took place in open court. However, on December 14, 1978, plaintiffs alleged in their "motion to enter judgment" that "[o]n or about August 8, 1978, in open [c]ourt, [d]efendants' counsel and [p]laintiffs' counsel settled all matters in dispute and agreed to repay to [p]laintiffs all monies paid by [p]laintiffs to [d]efendants named in Count VII of [p]laintiffs' [c]omplaint, less any amounts received by [p]laintiffs, plus interest at 8% per annum plus attorney's fees to August 8, 1978 of $5,000." No order dated August 8, 1978, appears of record. It is our opinion that plaintiffs' pleadings alone, without any reference to defendants' pleadings, raise substantial questions as to the formation and terms of the settlement agreement.

Furthermore, the trial court's order of September 25, 1978, indicates that it was advised by plaintiffs, prior to any order for payment in accordance with the alleged agreement, that "it [was] the desire of defendants to refuse to go forth with said agreement," and on October 6, 1978, defendants objected to the summary disposition.

Based upon the circumstances in the case at bar, it is our opinion that there are substantial questions present relating to the formation and terms of the settlement agreement and that further evidence or testimony is required to satisfactorily resolve these questions. We therefore reverse and remand this cause for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

HARTMAN, P. J., and STAMOS, J., concur.