JANICE KUGELMAN, Adm'r of the Estate of John Kugelman, Deceased, Plaintiff-Appellee, v. THE VILLAGE OF HOFFMAN ESTATES *et al.*, Defendants-Appellants (David S. Melind *et al.*, Defendants).

First District (5th Division)   No. 1—91—4110

Opinion filed October 2, 1992.—Rehearing denied October 22, 1992.

Robert B. Baal and Paul G. O'Toole, both of Baal & O'Connor, of Chicago, for appellants.

Michael H. Berman, of Berman & Trachtman, P.C., of Chicago, for appellee.

JUSTICE MURRAY delivered the opinion of the court:

The Village of Hoffman Estates and two of its police officers, Westly Schultz and T. Bos (collectively referred to herein as Hoffman Estates), appeal from an order of the circuit court which dismissed plaintiff's cause of action and required the performance of an alleged oral settlement agreement. The facts are as follows.

On November 10, 1986, David S. Melind, while fleeing from police in a high-speed chase, struck and killed John Kugelman (Kugelman), an Illinois State Trooper, as Kugelman stood on the shoulder of Route 53 in the Town of Addison. Janice Kugelman (plaintiff), surviving spouse and administrator of Kugelman's estate, filed a negligence action on July 9, 1987, naming Melind as a defendant. Also named as defendants in the complaint were the Village of Hoffman Estates and certain of its police officers, for negligently initiating and failing to terminate the high-speed chase, as well as the Villages of Elk Grove and Schaumburg and their various police officers, for joining in the high-speed chase.

On October 2, 1987, Hoffman Estates filed an appearance through counsel, Robert Baal. Baal was retained by National Casualty Company, the insurance company which provided Hoffman Estates with a comprehensive law enforcement liability policy covering its police department. On July 12, 1991, after extended negotiations, Baal contacted plaintiff's attorney and offered $400,000 to settle Hoffman Estates' portion of the negligence action. According to a letter dated that same day, Baal informed plaintiff's attorney that the offer was nonbinding and "contingent upon the approval of the village and the insurance company."

Plaintiff, understanding that the settlement offer was contingent upon the approval of the Village of Hoffman Estates, believed that the contingency was satisfied when it was learned that the village ap-

proved the settlement offer. In reliance upon the settlement agreement with Hoffman Estates, plaintiff then entered into settlement agreements with the remaining defendants. Subsequently, plaintiff learned that Hoffman Estates was refusing to honor the settlement agreement. Plaintiff then filed a motion seeking to enforce the Hoffman Estates settlement offer.

Hoffman Estates, through counsel, opposed plaintiff's motion to enforce the agreement. Although Hoffman Estates admitted that the settlement offer was made to plaintiff, it contended that there were three contingencies placed upon the offer: (1) that the Board of Trustees of the Village of Hoffman Estates approve the settlement, (2) that the village attorney approve the settlement, and (3) that the automobile insurance carrier for Hoffman Estates approve and agree to contribute to the settlement. According to Hoffman Estates, the settlement agreement never became final and enforceable because, although the village board and corporation counsel approved the settlement, the village's insurance carrier did not. This was because National Casualty was unable to procure an agreement and contribution from the village's automobile liability insurance carrier.

On November 14, 1991, the circuit court heard argument on plaintiff's motion to enforce the settlement agreement and found that a settlement existed between the parties. On November 21, 1991, the circuit court entered an order approving the settlement agreement and dismissing plaintiff's cause of action with prejudice. Then, on December 16, 1991, Hoffman Estates filed this present appeal.

The only issue before this court is whether the circuit court erred when it found that a settlement existed between the parties and granted plaintiff's motion to enforce the settlement agreement. Hoffman Estates contends that the circuit court should not have enforced the settlement and that the summary proceeding was improper because (1) plaintiff's motion to enforce the settlement was unsupported by an affidavit, (2) the trial court failed to apply the proper standard of review with respect to whether a settlement agreement existed, (3) evidence did not establish that there was a meeting of minds as to the terms of the agreement, and (4) that even if there was sufficient evidence to show that an oral agreement to settle existed, the settlement was not enforceable because Hoffman Estates had the legal right to withdraw from the agreement prior to judgment being entered.

Initially, we note that there appears to be a serious conflict of interest in this case. According to the record one might conclude that it is the insurance carrier and not the defendant, Village of Hoffman Estates, which has rejected the settlement agreement. In a letter

dated October 31, 1991, from National Casualty to the State of Illinois Department of Insurance, the insurer states that after Baal contacted plaintiff's attorney with the settlement offer and sent the file to it for authority to settle, the insurer then "noted that because of the nature and circumstances of the case, it was our belief that the Village's auto liability carrier shared concurrent coverage with National Casualty in this matter." After reaching this conclusion the insurer "instructed" defense counsel "to discontinue any further settlement negotiations" while National pursued the auto liability insurer.

Thus, it appears that the attorney who allegedly represents Hoffman Estates in this appeal is, in actuality, representing the interests of the insurance carrier. We have some serious reservations about the propriety of this situation.

Furthermore, we are concerned by the fact that defendants' refusal to go forward with the settlement is apparently due to the alleged lack of cooperation of an auto liability insurer which was never involved in the proceedings below and is not before this court in this appeal. We have been made aware during oral argument, however, that a declaratory action has been filed against the auto liability insurer and that action presently pends in the courts below.

■ Notwithstanding our reservations and concerns expressed above, and despite the fact that settlement of claims is encouraged as a matter of public policy (*Stone v. McCarthy* (1990), 206 Ill. App. 3d 893, 565 N.E.2d 107), we find that we must reverse the order of the trial court and remand for further proceedings. As noted by defendants, where an agreement of settlement is relied upon, the burden of proving the existence of the settlement is on the party alleging it (*Harris v. Handmacher* (1989), 185 Ill. App. 3d 1023, 542 N.E.2d 77) and the evidence that a settlement existed must be clearly established in order for summary judgment to be granted. *Janssen Brothers, Inc. v. Northbrook Trust & Savings Bank* (1973), 12 Ill. App. 3d 840, 299 N.E.2d 431.

■ We note that we are unable to determine what facts were relied upon by the trial court nor is the able trial judge's reasoning or basis for finding a settlement before this court because neither party submitted any report of the proceedings on the motion to enforce settlement. We believe, however, that plaintiff uses circular reasoning, contending that we should accept her attorney's representation that he was not made aware of certain contingencies upon the settlement offer simply because he proceeded as if the settlement were final. Furthermore, on appeal plaintiff attempts to support her argument that the settlement existed by submitting documents to this court

which were apparently not before the trial court and which she has not moved to be made a part of the appellate record. Therefore, these documents are arguably not properly before this court.

Even if considered, however, these documents do not support plaintiff's position since they establish instead that Baal did not have the authority to finalize the settlement of the matter without the approval of the insurance company and that the insurance company refused to grant that authority until it was able to explore the possibility of obtaining contribution from the village's auto liability insurer.

At the very least, whether Baal represented the situation differently to plaintiff when the settlement offer was made was a question of fact for the trial court to resolve. It appears that some sort of evidentiary hearing would have been appropriate and that a summary-type proceeding should not have been conducted. As stated earlier, without a report of the hearing on the motion to enforce settlement, we have no way of knowing what materials the trial court considered and what findings of fact were made.

For all the reasons cited above, we reverse the judgment of the circuit court and remand for further proceedings.

Reversed and remanded.

McNULTY, P.J., and GORDON, J., concur.