NORMA J. MOSS, Plaintiff-Appellee, *v.* LORETTA GLYNN, Defendant.— (THE DEPARTMENT OF PUBLIC AID, Lienor-Appellant.)

Third District No. 78-215

Opinion filed December 8, 1978.

William J. Scott, Attorney General, of Chicago (Myra Turner, Assistant Attorney General, of counsel), for appellant.

Scott Madson, of Princeton, for appellee.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:

This appeal arises from an adjudication of a Department of Public Aid lien filed against the proceeds of a personal injury settlement between Norma Moss, plaintiff, and Loretta Glynn, defendant, who were involved in an automobile accident on November 13, 1973. By agreement of the parties, the suit was dismissed following a settlement in the amount of $17,500. The Department of Public Aid, hereinafter referred to as the Department, filed a lien for $16,848.50 against the settlement proceeds. The lien was for sums paid to and for the plaintiff's benefit as a result of the accident and was filed pursuant to the authority of section 11—22 of the Illinois Public Aid Code (Ill. Rev. Stat. 1977, ch. 23, par. 11—22).

The plaintiff petitioned the trial court to adjudicate the Department's lien, and after an evidentiary hearing, the trial court ordered the settlement fund to be distributed along the lines suggested by the plaintiff, $1,500 to the Department, $5,000 to the plaintiff's attorney as fees, and the balance, $11,000, to the plaintiff. From this determination the Department appeals.

Whether the trial court abused its discretion by reducing the Department's $16,848.50 lien to $1,500 is the only issue presented in this appeal. At the hearing, the plaintiff testified that, as a result of the accident, she incurred medical bills of $3,534.87. In addition, she testified that of the amount expended for medical bills, she personally paid about $1,000, the rest being paid by a combination of insurance and public aid. However, the plaintiff presented no evidence of precisely what portion of the medical bills were paid by insurance, as opposed to the Department, nor did she present any cancelled checks or receipts which would corroborate her testimony concerning payments made by her personally. On the other hand, the Department certified that direct medical payments to the plaintiff's account for the period running from the accident to the

settlement totaled $4,024.88 and financial assistance payments to the plaintiff's account totalled $12,823.62.

As for employment, at the time of the accident, plaintiff was earning approximately $400 every two weeks. In spite of these earnings, the plaintiff also received assistance from the Department ranging from $28 to $35 each month. Since the settlement, the plaintiff has been working at a lesser paying job, due to her injury, and has been receiving public assistance of $78 per month. The plaintiff did not work during the 20-month period between the accident and the settlement. Further, the plaintiff testified that she had five children living at home at the time of the accident whereas only three were living at home at the time of the hearing. In addition, the plaintiff testified she was considering further medical treatment for her neck injury.

From this evidence the trial court concluded that "by far the greater portion of [plaintiff's] bills were paid by sources other than the Illinois Department of Public Aid" and that "approximately one-third of the total medical expenses paid by the Department were in fact attributable to Mrs. Moss as a result of the injury she sustained in that accident, and the balance of the medical payments are attributable to her children." Since a review of the record does not support these conclusions, we believe the trial court abused its discretion by reducing the Department's lien to $1,500.

■■ ■ Initially, in determining whether the Department's lien should be reduced at all there are several policy considerations to weigh. Certainly, the purposes of the statute allowing the Department to recover public aid payments include a lessening of the burden of the taxpayer (*Beck v. Buena Park Hotel Corp.* (1964), 30 Ill. 2d 343, 196 N.E.2d 686) and the prevention of a double recovery by the public aid recipient who, having acquired the funds for repayment, would be unjustly enriched if repayment were not made. (*Schramer v. Wurtinger* (2d Dist. 1977), 47 Ill. App. 3d 1034, 362 N.E.2d 1075.) However, underlying the power to reduce the State's lien is a policy requiring fair dealing with public aid recipients who are only partially recompensed for the injury inflicted. *Schramer v. Wurtinger* (2d Dist. 1977), 47 Ill. App. 3d 1034, 362 N.E.2d 1075.

Certainly the pain and suffering and possible future medical expenses of the plaintiff must be considered. There is no question that the Department's lien in this case must be reduced. To do otherwise would be grossly unfair to the plaintiff. The only question is, then, to what extent should the lien be reduced.

■■ Before relating the amount of the lien to the amount of the settlement, the amount of the settlement must be reduced by attorneys' fees and costs (*Davis v. City of Chicago* (1974), 59 Ill. 2d 439, 322 N.E.2d 29), since it is

logical that the Department share, proportionately, the costs and fees required to generate the fund from which the Department may recover, fully or partially. (*Schramer v. Wurtinger* (2d Dist. 1977), 47 Ill. App. 3d 1034, 362 N.E.2d 1075.) As a result, the Department seeks the repayment of part of its $16,848.50 lien out of a fund of $12,500.

Of the two types of aid provided to the plaintiff and her family by the Department, that which is most directly related to the plaintiff's cause of action was the direct medical assistance, and of this amount, repayment of the medical assistance which is directly paid as a result of the injury should be given greater consideration. (See *Schramer v. Wurtinger* (2d Dist. 1977), 47 Ill. App. 3d 1034, 362 N.E.2d 1075.) The plaintiff admitted that her medical bills resulting from the injury amounted to $3,534.87. Although she also testified that she personally paid about $1,000 of those bills and that insurance paid some of them, this testimony is self-serving and no corroborative evidence was produced. In seeking a reduction of the Department's lien, it is the recipient's burden to present evidence sufficient to justify the reduction. (*Johnson v. Lynch* (1977), 66 Ill. 2d 242, 362 N.E.2d 345.) The Department certifies that over $4,000 in medical assistance was given to the plaintiff and her family during the period in question. Since the entire amount of the plaintiff's medical bills could have been paid out of this sum and since the plaintiff did not present evidence sufficient to prove otherwise, we believe the plaintiff should have been charged with the repayment of $3,534.87 to the Department out of the settlement fund.

To require further repayment by the plaintiff would be unfair considering her pain and suffering, possible future medical bills, the need to continue to support her three children, and that much of the other aid provided by the Department may be attributable to the children. Therefore, pursuant to the power invested in this court by Supreme Court Rule 366 (Ill. Rev. Stat. 1977, ch. 110A, par. 366), it is hereby ordered that the settlement fund of $17,500 accepted by the plaintiff be distributed as follows: $3,534.87 to the Department of Public Aid, $5,000 to the plaintiff's attorney for fees, and $8,965.13 to the plaintiff.

Accordingly, the judgment of the Circuit Court of La Salle County is affirmed as modified.

Affirmed as modified.

STOUDER and STENGEL, JJ., concur.