JOANN WILKINS, Plaintiff-Appellee, *v.* THE DEPARTMENT OF PUBLIC AID *et al.*, Defendants-Appellants.

Fifth District    No. 78-434

Opinion filed June 4, 1979.

William J. Scott, Attorney General, of Chicago (Myra Turner, Assistant Attorney General, of counsel), for appellants.

Clinton J. Thurston and Kerry D. Hunter, both of Thurston & Associates, of Cairo, for appellee.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

This appeal arises from an adjudication by the circuit court of a Department of Public Aid lien filed against the proceeds of an insurance

policy payable for the damages sustained by plaintiff, JoAnn Wilkins, who was injured in an automobile accident on August 29, 1977.

The policy was owned by plaintiff's mother, Ruby Wilkins, and covered members of her household for injuries caused by uninsured motorists. The policy limits were $10,000 for each person and $1,000 for medical payments, of which $653.50 had been already paid as reimbursement for certain medical expenses. The Department of Public Aid, hereinafter referred to as Department, filed a lien for $15,044.44 against the insurance proceeds for sums paid to and for plaintiff's benefit as a result of the accident, said lien being filed under the authority of section 11—22 of the Illinois Public Aid Code (Ill. Rev. Stat. 1977, ch. 23, par. 11—22).

Plaintiff petitioned the trial court to adjudicate the rights. of the parties and to apportion the insurance proceeds. At the hearing on plaintiff's petition, Ruby Wilkins testified regarding her daughter's injuries and medical expenses. She related that she had personally incurred certain expenses as a result of her daughter's injuries and in the course of her daughter's continuing medical treatments, which expenses were not reimbursible by the Department. At the conclusion of the hearing, the trial court ordered the available funds to be distributed in the following manner: $3,386.98 to plaintiff's attorney; $346.50 for payment of specified medical expenses; $2,250.00 to the Department; and the balance of $4,363.02, to plaintiff. By the terms of its order, the trial court also prohibited the Department from reducing plaintiff's future public aid payments or grants because of the monies allocated to her by the court.

The Department does not dispute the allocation of funds; therefore, the only issue presented in this appeal is whether the trial court abused its discretion in ordering "that no future public aid payment or grant shall be reduced because of petitioner's receipt of monies adjudicated and apportioned to her herein."

Section 11—22 of the Illinois Public Aid Code provides that the department has a charge upon all claims, demands and causes of action for personal injuries occurring to a public aid recipient and charges the trial court with the responsibility of determining and allocating the Department's and recipient's interest in any personal recovery by the recipient (Ill. Rev. Stat. 1977, ch. 23, par. 11—22). The Department argues that the trial court exceeded its authority under the above section by its order preventing the Department from considering the apportioned funds as income to the plaintiff. We agree.

■■ We initially note that in determining whether the Department's lien should be reduced at all, the court must weigh several policy considerations. Accommodations necessarily must be made between the dual purposes of the statutory scheme: namely, permitting the State to

recover from a public aid recipient's personal injury award amounts furnished for medical assistance in order to lessen the burden on the taxpayer or to enable the State to help others in need of assistance (*Beck v. Buena Park Hotel Corp.* (1964), 30 Ill. 2d 343, 196 N.E.2d 686), and the prevention of double recovery by or an unjust enrichment of a recipient who acquires a fund for repayment (*Schramer v. Wurtinger* (2d Dist. 1977), 47 Ill. App. 3d 1034, 362 N.E.2d 1075). Implicit within the court's power to reduce the Department's lien, however, is a policy of dealing fairly with a public aid recipient who may have been only partially recompensed when consideration is given to his pain and suffering and future medical bills (*Moss v. Glynn* (3d Dist. 1978), 66 Ill. App. 3d 221, 383 N.E.2d 275).

The limits of the trial court's discretion in adjudicating the Department's lien under section 11—22 and the standards by which the exercise of discretion are to be measured are, for apparent reasons, not precise. It is settled, however, that any reduction must be justified by sufficient evidence to support the exercise of discretion. See *Johnson v. Lynch* (1977), 66 Ill. 2d 242, 362 N.E.2d 345; *Bender v. City of Chicago* (1974), 58 Ill. 2d 284, 319 N.E.2d 34.

Our focus in the instant cause is not on the amounts allocated to the respective parties, inasmuch as neither party challenges their distributed share; instead, we need only examine the statute and determine whether the trial court's restriction was proper. In this regard, we need not determine nor dwell upon the State's argument that funds recovered for personal injuries are to be considered as available income in determining eligibility for public aid.

It is apparent from the record that the trial court was attempting to ensure that the plaintiff would have the full benefit of the funds allocated to her. The court was also made aware of future expenses to be borne by the plaintiff and her mother which would not be reimbursed by the Department.

■■ Plaintiff contends that without the order of the trial court immunizing the allocated funds from future aid reductions, there can be no effective allocation of the personal injury recovery. She relies on that portion of the opinion in *Wurtinger* stating:

> "Implicit also in the provision which allows the trial court to reduce the State's lien is the policy of dealing fairly with a public aid recipient who is recompensed only partially for that which an injury has taken from him. An accommodation of these policies is best reached in our view if the amount of the State's lien is adjudicated at an amount the debtor is realistically able to repay." (47 Ill. App. 3d 1034, 1039.)

Plaintiff argues that in order to accomplish this purpose and to guarantee

that plaintiff would receive full benefit from the amount allocated, it was necessary for the court to make the funds immune from consideration by the Department in any attempt to decrease payments. While the restrictions contained in the court's order are, under the facts of this case, understandable, they are nevertheless erroneous and in excess of the court's authority under section 11—22 of the Illinois Public Aid Code. Whether the Department would increase, decrease or leave unchanged the amount of plaintiff's aid, based upon the amount allocated to her by the trial court, is clearly a decision to be made by the Department free from any restrictions by the court which made the allocation. The court's order has, in effect, eliminated the Department's discretion to deal with the changing circumstances of the plaintiff's financial status.

Should the Department subsequently reduce the amount of plaintiff's public aid or eliminate it entirely, she has a statutory right to appeal as provided in sections 11—8 through 11—8.7 of the Illinois Public Aid Code (Ill. Rev. Stat. 1977, ch. 23, pars. 11—8 through 11—8.7); and she may then question the propriety of such reduction.

Accordingly, we reverse the order of the Circuit Court of Alexander County directing that no future public aid payments to the plaintiff be reduced because of monies allocated to her in this cause.

Reversed.

G. MORAN, P. J., and KUNCE, J., concur.