393 S.E.2d 669

**FEDERAL KEMPER
INSURANCE COMPANY**

v.

**Carol R. ARNOLD, Administratrix of
the Estate of William E.
Arnold, Deceased.**

**No. 19250.**

Supreme Court of Appeals of
West Virginia.

May 17, 1990.

Peggy L. Collins, Larry G. Kopelman, L.C., Charleston, for Carol R. Arnold.

Robert J. Louderback, Louderback & Louderback, Charleston, for Federal Kemper Ins. Co.

NEELY, Chief Justice:

The defendant below in this subrogation action appeals entry of summary judgment against her in the Circuit Court of Kanawha County.

Defendant's decedent, William E. Arnold, was killed in an automobile accident on 11 August 1987, which also involved a truck driven by Cecil H. Rice IV. Mr. Arnold and his wife, Carol, were operating with permission an automobile owned by Barbara F. White and insured by the Federal Kemper Insurance Company. The policy issued by Kemper to Mrs. White included a medical payments clause for up to $5000 of medical or funeral expenses incurred by a covered person and a subrogation clause.

The subrogation clause in Mrs. White's contract with Kemper provides, in pertinent part:

OUR RIGHT TO RECOVER PAYMENT
A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another, we shall be subrogated to that right. That person shall do:

    1. Whatever is necessary to enable us to exercise our rights; and

    2. Nothing after loss to prejudice them.

.    .    .    .    .

B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. Reimburse us to the extent of our payment.

Mr. and Mrs. Arnold were covered persons under the policy. Covered expenses were incurred by the Arnolds for at least $5000, and a demand for reimbursement was made on Kemper. Kemper paid the $5000 claim, reserving in writing its subrogation rights.

Mrs. Arnold, as administratrix of her husband's estate, then filed a wrongful death action against Mr. Rice, without giving notice to Kemper. The action was settled for $215,000, which was paid in full by Mr. Rice's insurance company. One-third of the recovery, or $71,667, went to Mrs. Arnold's lawyer, leaving a net recovery of $144,333.

After entry of the judgment against Mr. Rice, Kemper brought this action in the Circuit Court of Kanawha County to recover from Mr. Arnold's estate, under the subrogation clause in the insurance contract with Mrs. White, the $5000 it had paid Mr. Arnold's estate as reimbursement for medical or funeral expenses. On review of the undisputed facts in the case, the insurance contract, and the law, the circuit court granted Kemper's motion for summary judgment for the full amount of $5000.

Mrs. Arnold appeals the judgment to this Court, claiming (1) the subrogation clause in the Kemper–White insurance contract is void as against public policy and (2) in the alternative, Kemper's judgment should be reduced by a proportional share of the lawyer's fee incurred by Mrs. Arnold in collecting the judgment against Mr. Rice. We now hold that the circuit court was correct in entering summary judgment in favor of Kemper, but modify the judgment to reflect a deduction for Kemper's *pro rata* share of Mrs. Arnold's legal fees.

■ The argument that subrogation clauses in automobile insurance policies are contrary to public policy is grounded in the conceptual similarity between subrogation and assignment of tort claims. The latter practice was condemned at common law. The argument has succeeded in other states, but not in West Virginia. This Court has already decided the issue squarely:

A provision in an insurance policy providing for the subrogation of the insurer to the rights of the insured to the extent that medical payments are advanced to such insured by the insurer is distinct from an assignment of a tort claim and is not invalid as against the public policy of this State.

Syllabus Point, *The Travelers Indemnity Co. v. Rader*, 152 W.Va. 699, 166 S.E.2d 157 (1969).

■ The appellant seeks to carve out a distinction in this case, in that the Arnolds were not parties to the insurance contract. We believe this is a distinction without a difference. The Arnolds, as "covered persons" under the contract, benefited from its provisions just as surely as the insured herself would, even though they did not pay the premiums on the policy. It would not be fair to allow the Arnold estate a double recovery that would be denied to the insured herself. And the language of the subrogation clause clearly applies to any covered person, not just the named insured. The covered person (other than the named insured) can enforce the contract, and is bound by its terms, after all, because he is an intended third-party beneficiary to the contract between insurer and insured.

■ We do believe, however, that reimbursement of payments under the subrogation clause should reflect the cost to the covered person of obtaining a recovery against the person at fault. As the New Jersey court has put it:

To establish an artificial rule which would provide an insurer with the right to sit back and permit its insured to proceed with an action, expecting to share in the avails of that proceeding without the burden of any of the expense, occurs to us to be anomalous.

34

*Klacik v. Kovacs,* 111 N.J.Super. 307, 312, 268 A.2d 305, 308 (1970). *See also Bell v. Federal Kemper Insurance Co.,* 693 F.Supp. 446 (S.D.W.Va.1988); *United Services Automobile Association v. Hills,* 172 Neb. 128, 109 N.W.2d 174 (1961). The subrogation clause at issue here provides that the covered person who obtains a recovery from a third party shall hold in trust "the proceeds of the recovery," without specifying net or gross proceeds. Nor does the clause refer one way or another to the cost of obtaining a recovery. Because attorneys' fees and other reasonable expenses are a routine cost in obtaining a satisfactory judgment or settlement, we will construe the reimbursement provisions of the contract as reflecting appropriately the cost to the covered person of obtaining the recovery. In this case, the cost was a fee of one-third of the recovery to the administratrix's lawyer. The reimbursement under the subrogation clause should thus be reduced *pro rata,* by one-third, from $5000 to $3333.

Because the amount of the recovery in this case may be determined to a legal certainty, there is no need for the case to be remanded. The judgment, as modified here, is affirmed, and final judgment entered here for the appellee in the amount of $3333.

Modified and Final Judgment.