514 S.E.2d 408

**Patricia G. ANDERSON, Plaintiff Below, Appellee,**

v.

**Dr. Ralph E. WOOD and Wood Family Practice, P.D., Defendants Below,**

**West Virginia Department of Health and Human Resources, Defendant Below, Appellant.**

No. 25362.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 13, 1999.

Decided Feb. 22, 1999.

---

Darrell V. McGraw, Jr., Attorney General, Stephen J. Small, Senior Assistant Attorney General, Charleston, West Virginia, Attorneys for Appellant.

Alex J. Shook, Hamstead, Hamstead & Williams, Morgantown, West Virginia, Attorney for Appellee.

DAVIS, Justice.

This is an appeal by the West Virginia Department of Health and Human Resources (hereinafter referred to as DHHR), appellant/defendant below, from an order of the Circuit Court of Marshall County. The Marshall County order requires DHHR to pay its pro rata share of costs incurred in the underlying civil action of Patricia G. Anderson (hereinafter referred to as Ms. Anderson), appellee/plaintiff below. DHHR contends that W. Va.Code § 9–5–11(b) (1995) (Repl. Vol.1998) does not compel it to pay costs under the facts of this case. We disagree and as such affirm the circuit court's order.

## I.

### FACTUAL AND PROCEDURAL HISTORY

The issue in this case is derived from an underlying medical malpractice action initiated by Ms. Anderson against Dr. Ralph E. Wood, et al.[1] Ms. Anderson settled the case against Dr. Wood for $300,000.00 on June 7, 1997. The record indicates that DHHR had previously paid medical expenses for Ms. Anderson[2] in the amount of $8,388.79[3]. After Ms. Anderson's settlement DHHR sought indemnification for its medical payments from the settlement proceeds she had obtained. Ms. Anderson thereafter filed a declaratory judgment action requesting the circuit court to determine whether DHHR was obligated to pay a pro rata share of the attorney's fees and costs she had incurred as a result of her civil action against Dr. Wood.

DHHR agreed to reduce the amount of medical payments it was owed by one-third, to reflect its pro rata share of attorney's fees incurred by Ms. Anderson in her medical malpractice case. However, DHHR argued that it was not obligated to deduct an additional amount as its pro rata share of costs. The circuit court ruled that pursuant to W. Va.Code § 9–5–11(b)[4] DHHR was required

---

1. The briefs do not provide any information regarding the medical malpractice case nor do the briefs indicate what type of injury Ms. Anderson sustained that required medical treatment.

2. Presumably the medical payments were for the treatment of medical complications caused by Dr. Wood.

3. The medical payments made by DHHR on behalf of Ms. Anderson were incurred under the State's Medicaid program. Medicaid is a medical assistance program established by Title XIX of the Social Security Act, 42 U.S.C. § 1396, *et seq.* Under this program, state governments cooperate with the federal government to provide medical services to eligible individuals and families. The federal government shares the costs of Medicaid with the states that elect to participate in this program. The states, in turn, must comply with the requirements of the Act. One such requirement is that state plans for medical assistance must provide that the administering agency will "take all reasonable measures to ascertain the legal liability of third parties ... to pay for care and service available under the plan." 42 U.S.C. § 1396a(a)(25)(A) (1994) (1994 ed. and Supp. II 1996). These measures include collecting information in order to enable the state to pursue claims against third parties. *See* 42 U.S.C. § 1396a(a)(25)(A)(i). In addition, after an inquiry into potential liability, the state is obligated to seek reimbursement from all third parties where legal liability has been found to exist. *See* 42 U.S.C. § 1396a(a)(25)(B). *See generally Kittle v. Icard,* 185 W.Va. 126, 405 S.E.2d 456 (1991), *overruled on other grounds by Grayam v. Department of Health & Human Resources,* 201 W.Va. 444, 498 S.E.2d 12 (1997).

4. W. Va.Code § 9–5–11(b) (1995) (Repl.Vol.1998) states in full:

> Nothing in this section shall be construed so as to prevent the recipient of medical assistance from maintaining an action for injuries received by him against any other person and from including therein, as part of the compensatory damages sought to be recovered, the amount or amounts of his or her medical expenses, even though such person received medical assistance in the payment of such medical expenses, in whole or in part.
>
> If the action be tried by a jury, the jury shall not be informed as to the interest of the department of health and human resources, if any, and such fact shall not be disclosed to the jury at any time. The trial judge shall, upon the entry of judgment on the verdict, direct that an amount equal to the amount of medical assistance given be withheld and paid over to the department of health and human resources. Irrespective of whether the case be terminated by judgment or by settlement without trial, from the amount required to be paid to the department of health and human resources there shall be deducted the attorney fees attributable to such amount in accordance with and in proportion to the fee arrangement made between the recipient and his or her attorney of record so that the department shall bear the pro rata portion of such attorney fees. Nothing in this section shall preclude any person who has received medical assistance from set-

to pay its pro rata share of costs in the amount of $307.31. Consequently, the sole issue presented by the circuit court's ruling is whether W. Va.Code § 9–5–11(b) requires DHHR to pay a pro rata share of costs when it recovers medical expenses through its statutory subrogation right.[5]

## II.

### STANDARD OF REVIEW

■ This Court has held that "[a] circuit court's entry of a declaratory judgment is reviewed de novo." Syl. pt. 3, *Cox v. Amick*, 195 W.Va. 608, 466 S.E.2d 459 (1995). Our analysis of the issue in this case requires a determination of whether W. Va.Code § 9–5–11(b) evidences an intent by the Legislature that DHHR pay costs when an individual who has received assistance from DHHR with the payment of medical expenses [hereinafter referred to as a recipient of medical assistance] recovers from a third party, in whole or in part, the amount paid for medical treatment and when DHHR has given proper subrogation notice. On a pure question of statutory construction, we must determine legislative intent using traditional tools of statutory construction. Syl. pt. 11, *Cox v. Amick*, 195 W.Va. 608, 466 S.E.2d 459 (1995). In this regard we have held that "[t]he primary object in construing a statute is to ascertain and give effect to the intent of the legislature." Syl. pt. 1, *Smith v. State Workmen's Compensation Comm'r*, 159 W.Va. 108, 219 S.E.2d 361 (1975). "In ascertaining legislative intent, effect must be given to each part of the statute and to the statute as a whole so as to accomplish the general purpose of the legislation." *State ex rel. Morgan v. Trent*, 195 W.Va. 257, 263, 465 S.E.2d 257, 263 (1995) (citations omitted). As we said in Syllabus point 2, in part, of *Pristavec v. Westfield Insurance Co.*, 184

---

tling any cause of action which he may have against another person and delivering to the department of health and human resources, from the proceeds of such settlement, the sums received by him or her from the department or paid by the department for his or her medical assistance. If such other person is aware of or has been informed of the interest of the department of health and human resources in the matter; it shall be the duty of the person to whose benefit the release inures to withhold so much of the settlement as may be necessary to reimburse the department to the extent of its interest in the settlement. No judgment, award of or settlement in any action or claim by a medical assistance recipient to recover damages for injuries, disease or disability, in which the department of health and human resources has interest, shall be satisfied without first giving the department notice and reasonable opportunity to establish its interest. The department shall have sixty days from receipt of such written notice to advise the recipient or his or her representative in writing of the department's desire to establish its interest through the assignment. If no such written intent is received within the sixty-day period, then the recipient may proceed and in the event of full recovery forward to the department the portion of the recovery proceeds less the department's share of attorney's fees and costs expended in the matter. In the event of less than full recovery the recipient and the department shall agree as to the amount to be paid to the department for its claim. If there is no recovery, the department shall under no circumstances be liable for any costs or attorneys fees expended in the matter. If, after being notified in writing of a subrogation claim

and possible liability of the recipient, guardian, attorney or personal representative for failure to subrogate the department, a recipient, his or her guardian, attorney or personal representative disposes of the funds representing the judgment, settlement or award, without the written approval of the department, that person shall be liable to the department for any amount that, as a result of the disposition of the funds, is not recoverable by the department. In the event that a controversy arises concerning the subrogation claims by the department, an attorney shall interplead, pursuant to rule twenty-two of the rules of civil procedure, the portion of the recipient's settlement that will satisfy the department exclusive of attorneys [sic] fees and costs regardless of any contractual arrangement between the client and the attorney.

5. This Court recognized in Syllabus point 2 of *Grayam v. Department of Health and Human Resources*, 201 W.Va. 444, 498 S.E.2d 12 (1997), that:

> if another person is legally liable to pay for medical assistance provided by the Department of Health and Human Resources, the Department possesses a priority right to recover full reimbursement from any settlement, compromise, judgment, or award obtained from such other person or from the recipient of such assistance if he or she has been reimbursed by the other person.

*Grayam's* recognition of DHHR's right of full subrogation for medical expenses was based upon this Court's finding that W. Va.Code § 9–5–11(a) authorized subrogation.

W.Va. 331, 400 S.E.2d 575 (1990), "[i]t is the duty of a court to construe a statute according to its true intent, and give to it such construction as will uphold the law and further justice."

## III.

## DISCUSSION

This Court had an opportunity to examine W. Va.Code § 9–5–11 recently in *Grayam v. Department of Health and Human Resources*, 201 W.Va. 444, 498 S.E.2d 12 (1997). The specific issue presented by *Grayam* was whether or not W. Va.Code § 9–5–11(a) permitted DHHR to be fully reimbursed by a recipient of medical assistance,[6] notwithstanding the made-whole rule.[7] This Court found that the statute nullified the made-whole rule and allowed DHHR to recover all payments expended for medical assistance paid on behalf of its recipient. The Court's analysis was outlined in Syllabus point 2 of *Grayam* as follows:

> In both the 1993 and 1995 amendments to West Virginia Code § 9–5–11 (Supp. 1993 & Supp.1995), the legislature rendered the made-whole rule inapplicable by clearly and unambiguously modifying the usual and ordinary meaning of subrogation as it is used in that statute. Pursuant to these amendments, if another person is legally liable to pay for medical assistance provided by the Department of Health and Human Resources, the Department possesses a priority right to recover full reimbursement from any settlement, compromise, judgment, or award obtained from such other person or from the recipient of such assistance if he or she has been reimbursed by the other person.

The *Grayam* decision did not require the Court to answer the specific question of the pro rata payment of costs by DHHR when a recipient of medical assistance recovers from a tortfeasor. Now, we must answer the inquiry relating to costs identified in W. Va. Code § 9–5–11(b). W. Va.Code § 9–5–11(b) addresses the issue of costs in several different circumstances. As such, it is necessary to discuss each circumstance in an effort to give meaning to the statute. First, the statute requires a recipient to notify DHHR of a potential settlement. Upon being notified, DHHR is required, within sixty days of such notification, to assert its subrogation rights. Otherwise, "the recipient may proceed and in the event of full recovery forward to the department the portion of the recovery proceeds less the department's share of attorney's fees and costs expended in the matter." W. Va.Code § 9–5–11(b). Next, the statute provides that "[i]f there is no recovery, the department shall under no circumstances be liable for any costs or attorneys fees expended in the matter." *Id.* Finally, the statute specifies that "[i]n the event that a controversy arises concerning the subrogation claims by the department, an attorney shall interplead ... the portion of the recipient's settlement that will satisfy the department exclusive of attorneys fees and costs[.]"[8] *Id.*

Despite these statutory explanations regarding the payment of costs, DHHR argues that it is required by W. Va.Code § 9–5–

---

6.  DHHR pays medical expenses as part of the state's medicaid program. "[T]he Medicaid program is a joint endeavor between federal and state governments. In order to receive federal assistance, states are required pursuant to 42 U.S.C. § 1396a(a)(25) to seek reimbursement from legally-liable third parties in appropriate circumstances." *Grayam*, 201 W.Va. at 447, 498 S.E.2d at 15. *See supra* note 3 for further discussion of the Medicaid program.

7.  "The made-whole rule has been interpreted in insurance cases to mean that '[u]nder general principles of equity, in the absence of statutory law or valid contractual obligations to the contrary, an insured must be fully compensated for injuries or losses sustained (made whole) before the subrogation rights of an insurance carrier

arise.' " *Grayam*, 201 W.Va. at 448–49, 498 S.E.2d at 16–17 (quoting *Wine v. Globe Am. Cas. Co.*, 917 S.W.2d 558, 562 (Ky.1996)).

8.  A tempting resolution of this matter is to merely apply the provision which states that "[i]n the event that a controversy arises concerning the subrogation claims by the department, an attorney shall interplead ... the portion of the recipient's settlement that will satisfy the department exclusive of attorneys fees and costs[.]" DHHR contends that the dispute involved in this matter is not the type of "controversy" intended by the Legislature. We agree with DHHR on this point, because such an interpretation does not resolve the ultimate issue of whether DHHR is routinely required to incur litigation costs under the statute.

11(b) to pay costs only when it fails to properly assert its subrogation rights within sixty days of receiving notice of a potential settlement. While this obligation to pay costs for failing to timely notify a recipient of medical assistance of DHHR's subrogation right was intended by the Legislature to impose a penalty upon it for late notification, DHHR contends, the imposition of costs against DHHR was not intended whenever it timely notified a recipient of its subrogation rights. DHHR argues further that an initial observation of the above quoted provisions contained in W. Va.Code § 9–5–11(b) suggests that the statute expressly states that DHHR is to incur its pro rata share of attorney's fees[9] and costs *only* when it fails to timely notify a recipient of its subrogation rights and there is a recovery by the recipient from a tortfeasor. To support this contention, DHHR focuses on the following provision in W. Va. Code § 9–5–11(b): "Irrespective of whether the [recipient's] case be terminated by judgment or by settlement without trial, from the amount required to be paid to the department of health and human resources there shall be deducted the attorney fees attributable to such amount[.]" DHHR contends that because this general provision regarding attorney fees does not include costs, then the Legislature did not intend for it to pay costs when it timely notifies a recipient of its subrogation rights. We are not persuaded by this argument.

■■■ W. Va.Code § 9–5–11(b) does not expressly exempt DHHR from paying a pro rata share of costs when it timely notifies a recipient of medical assistance of its subrogation rights. The statute is silent on this matter. However, the statute does expressly exempt DHHR from paying a pro rata share of costs when there has been litigation and no recovery by a recipient. We believe that the express exclusion of costs, where there is no recovery by the recipient, by implication means that the Legislature intended DHHR to share in the payment of costs when there is a recovery by the recipient. Therefore, we hold that when the West Virginia Department of Health and Human Resources has assisted an individual with the payment of medical expenses, the Department may enforce its subrogation rights, set forth in W. Va.Code § 9–5–11(b) (1995) (Repl.Vol.1998), when the individual has recovered such medical expenses, in whole or in part, from a third party. Once the Department enforces its subrogation rights provided by W. Va.Code § 9–5–11(b), it becomes liable to the individual for its pro rata share of the costs and attorney's fees incurred by the individual in recovering his/her medical expenses regardless of whether the Department has timely notified the individual of the assertion of its subrogation rights.

Having reached this conclusion, we note that our decision not only upholds the clear legislative intent of W. Va.Code § 9–5–11(b), but also comports with further authority from both this state and our sister jurisdictions. Initially, our review of other West Virginia statutes involving subrogation suggests that DHHR's understanding of W. Va. Code § 9–5–11(b) would produce disparate results. Our research reveals that, under W. Va.Code § 33–6–31(f) (1998) (Supp.1998), the Legislature has authorized insurers providing uninsured motorist coverage to be subrogated for payments made to an insured. This statute expressly provides that such an insurer "shall pay its proportionate part of any reasonable costs" when there is a recovery by the insured. *Id.* We find no justification for requiring a private insurer to share in the payment of costs when its insured recovers, but exempting DHHR from having to share in the payment of costs when a recipient of medical assistance is successful in recovering from a third-party tortfeasor.

Next, an examination of our caselaw lends further credence to our decision in this case. In the case of *Federal Kemper Insurance Co. v. Arnold,* 183 W.Va. 31, 393 S.E.2d 669 (1990), a third-party beneficiary of an insurance policy obtained a recovery against a tortfeasor. The insurance policy at issue in *Arnold* contained a general subrogation

---

9. This Court pointed out in a footnote in *Grayam* that "West Virginia Code § 9–5–11(b) requires the circuit courts to deduct [DHHR's] pro rata share of the attorneys' fees." *Id.,* 201 W.Va. at 454 n. 18, 498 S.E.2d at 22 n. 18. DHHR does not contest its obligation to pay a pro rata share of attorney's fees when it enforces its subrogation rights and recipient recovers from a tortfeasor.

clause. One of the issues this Court determined in *Arnold* was whether the insurer had to pay a share of the costs and attorney's fees incurred by the third-party beneficiary in obtaining the recovery from the tortfeasor. The subrogation clause contained in the insurance contract was silent on the issue of costs and attorney's fees. This Court held that "[b]ecause attorneys' fees and other reasonable expenses are a routine cost in obtaining a satisfactory judgment or settlement, we will construe the reimbursement provisions of the contract as reflecting appropriately the cost to the covered person of obtaining the recovery." *Id.,* 183 W.Va. at 34, 393 S.E.2d at 672. We announced this holding in Syllabus point 3 of the opinion as follows:

> When an automobile insurer is reimbursed, under a subrogation clause in the insurance contract, for benefits paid to a covered person that such person has then successfully recovered from a third party, the reimbursement should be reduced by the insurer's pro rata share of the cost to the covered person of obtaining the recovery against the third party.

In making the decision in *Arnold,* this Court reasoned that " '[t]o establish an artificial rule which would provide an insurer with the right to sit back and permit its insured to proceed with an action, expecting to share in the avails of that proceeding without the burden of any of the expense, occurs to us to be anomalous.' " *Id.,* 183 W.Va. at 33–34, 393 S.E.2d at 671–72, (quoting *Klacik v. Kovacs,* 111 N.J.Super. 307, 312, 268 A.2d 305, 308 (1970) and citing *Bell v. Federal Kemper Ins. Co.,* 693 F.Supp. 446 (S.D.W.Va.1988); *United Services Auto. Ass'n. v. Hills,* 172 Neb. 128, 109 N.W.2d 174 (1961)).

Finally, our study of jurisprudential authority from other jurisdictions indicates that our decision is similar to that obtained by many of our sister courts. In a case factually similar to the instant proceeding, *Hedgebeth v. Medford,* 74 N.J. 360, 378 A.2d 226 (1977) the New Jersey Supreme Court was asked, to determine whether New Jersey's Medicaid reimbursement statute required the State to pay a share of a recipient's attorney's fees when the recipient recovered

from a tortfeasor. The New Jersey statute in question, N.J. Stat. Ann. § 30:4D–7(j), was silent on the issue of attorney's fees. Notwithstanding the statute's silence, the court in *Hedgebeth* found that when the State exercised its right of subrogation under the Medicaid program, it was governed by equitable principles and therefore the State "should not be entitled to enjoy the fruits of the [Medicaid recipient's] judgment against a tortfeasor without contributing in any way to the costs or burdens of litigating that claim." *Id.,* 74 N.J. at 369, 378 A.2d at 230 (footnote and citations omitted). The decision in *Hedgebeth* further held that the State must pay its pro rata share of a recipient's counsel fees, even though the statute did not specifically authorize the deduction of costs and expenses of litigation in effectuating a third-party recovery. *See also Cargill v. State, Dep't of Health,* 967 P.2d 999 (Wyo.1998) (permitting fees and expenses for recovery to be deducted from Medicaid program's right of subrogation); *Davis v. Idaho Dep't of Health & Welfare,* 130 Idaho 469, 943 P.2d 59 (Ct.App.1997) (same); *North Carolina Dep't of Human Resources v. Weaver,* 121 N.C.App. 517, 466 S.E.2d 717 (N.C.Ct.App. 1996) (same); *Hill v. State, Dep't of Human Services,* 493 N.W.2d 803 (Iowa 1992) (same); *Camp v. Office of Recovery Servs. of Utah Dep't of Social Serv.,* 779 P.2d 242 (Utah Ct.App.1989) (same); *O'Neil v. Henry's Riverside Mkt.,* 388 Pa.Super. 634, 566 A.2d 307 (1989) (concluding that Commonwealth's share of settlement obtained in minor's action against tortfeasor was properly reduced by pro rata share of minor's attorney fees); *Indiana Dep't of Pub. Welfare v. Larson,* 486 N.E.2d 546 (Ind.Ct.App.1985) (directing that fees and expenses for recovery be deducted from Medicaid program's right of subrogation); *Moss v. Glynn,* 66 Ill.App.3d 221, 22 Ill.Dec. 799, 383 N.E.2d 275 (1978) (same); *Neil D. Reid, Inc. v. State, Dep't of Health Care Serv.,* 55 Cal.App.3d 418, 127 Cal.Rptr. 685 (1976) (same); *Davis v. City of Chicago,* 59 Ill.2d 439, 322 N.E.2d 29 (1974) (same).[10]

In the final analysis, the decision in *Hedgebeth v. Medford, supra,* correctly ruled that equitable principles should be considered

---

**10.** *But see, Jones v. Balay,* 810 F.Supp. 1031 (W.D.Ark.1992) (holding Arkansas law did not require state to share in payment of attorney's

fees or costs); *Lundberg v. Jeep Corp.,* 582 N.W.2d 268 (Minn.Ct.App.1998) (holding that Medicaid subrogation statute did not order state

when subrogation is at issue. We find it both inequitable and illogical to interpret W. Va.Code § 9–5–11(b) as requiring DHHR to pay a pro rata share of attorney's fees; yet, precluding DHHR from paying a pro rata share of costs. Fundamental fairness requires that DHHR assume its pro rata share of the litigation costs incurred when obtaining reimbursement for medical payments expended on behalf of a recipient.

## IV.

## CONCLUSION

In conclusion, we find that W. Va.Code § 9–5–11(b) requires the DHHR to pay its pro rata share of costs incurred by an individual in recovering his/her medical expenses. Accordingly, the circuit court's order is affirmed.

Affirmed.

agency to share in payment of recipient's attorney's fees or costs); *Dale v. Gubin,* 879 S.W.2d 699, 700–01 (Mo.Ct.App.1994) (rejecting argument that state's reimbursement must be reduced by proportionate share of attorney's fees); *Padgett v. Ohio Dep't of Pub. Welfare,* 65 Ohio App.2d 96, 416 N.E.2d 639 (1979) (holding State not required to contribute to payment of recipient's costs or attorney's fees).