**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| JPMORGAN CHASE BANK ) | |
| NATIONAL ASSOCIATION, ) | C.A. No. K23L-08-008 NEP |
| ) | |
| ) | Tax Parcel No. 9-00-08100-01-1500-000 |
| Plaintiff, ) | |
| ) | *In Rem* |
| v. ) | *Sci. Fa. Sur* Mortgage Action |
| ) | |
| ) | |
| WILSON L. MILES, ) | Mortgage Book 1103, Page 254 |
| ) | Assignment Book 6798, Page 30 |
| Defendant. ) | |

Submitted: December 7, 2023
Decided: March 11, 2024

**ORDER**

*Upon Plaintiff's Motion for Summary Judgment*
**GRANTED**

### I.   INTRODUCTION

1.     Before the Court is a Motion for Summary Judgment (the "SJ Motion") filed by Plaintiff JPMorgan Chase Bank, National Association ("JPMorgan").[1]

2.     On July 13, 2001, Defendant Wilson L. Miles ("Mr. Miles") executed and delivered a mortgage to Washington Mutual Home Loans, Inc. on the property known as 1933 Taraila Road, Hartly, Delaware 19953, Tax Parcel No. 9-00-08100-

---

[1] Mot. for Summ. J. (D.I. 8).

01-1500-000 (the "Mortgage").[2] The mortgage was subsequently assigned to JPMorgan.[3]

3. On August 9, 2023, JPMorgan filed a *scire facias sur* mortgage foreclosure complaint (the "Complaint") against Mr. Miles in which it sought foreclosure of the mortgaged property in its name because of his failure to pay the monthly installments.[4] Mr. Miles has signed a promissory note secured by the Mortgage.[5] JPMorgan, either directly or through its agent, has possession of the promissory note, which has been duly endorsed.[6]

4. On August 22, 2023, service was returned *non est*; the Sheriff's Return stated as follows: "Vacant Lot. Appears Mobile home was removed [sic]."[7] It was the first attempt at service.[8]

5. On September 18, 2023, following an additional service attempt, the Sheriff's Return indicated that certified copies of the alias *writ of scire facias* had been posted on the subject property on September 6, 2023, and mailed to Mr. Miles by both certified and first-class mail on September 8, 2023.[9]

6. On September 29, 2023, Sharonda Miles ("Ms. Miles"), Mr. Miles's daughter, wrote a letter to the Court on behalf of her father (the "Letter").[10] She did so because Mr. Miles was "unable to do so currently" and due to the "urgency of this matter" was "unable to seek legal advisement to assist him in preparing a response to the complaint."[11] The Letter explains that, in November of 2022, Mr. Miles was

---

[2] Compl. (D.I. 1) ¶ 3; *id.*, Ex. A (Mortgage).
[3] Compl. ¶ 3.
[4] *Id.* ¶¶ 1, 4.
[5] *Id.* ¶ 1.
[6] *Id.*
[7] D.I. 3.
[8] Mot. for Summ. J. ¶ 2.
[9] D.I. 6.
[10] D.I. 7. The Letter was signed by both Mr. Miles and Ms. Miles.
[11] *Id.*

hospitalized due to "a serious life-threatening medical condition" that left him physically and cognitively impaired; that because of this, he had not been able to tend to his personal affairs; and that he "would not intentionally avoid fulfilling his obligation."[12] The Letter indicates that Mr. Miles can now "verbalize and designate" a power of attorney, and asks the Court to dismiss JPMorgan's Complaint so that Mr. Miles can resume payments and retain his property.[13]

**7.** On November 13, 2023, JPMorgan filed the SJ Motion.[14] JPMorgan points out that the Letter does not deny Mr. Miles's failure to pay the monthly installments for the Mortgage and does not plead a recognized affirmative defense, and that therefore there is no dispute of a material fact.[15]

**8.** On November 15, 2023, the Court sent a letter to the parties setting a deadline of November 29, 2023, to respond to the SJ Motion.[16]

**9.** No response has been filed with the Court.

## II. APPLICABLE LEGAL STANDARDS

**10.** Summary judgment is appropriate in a situation in which the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[17] The Court "(i) construes the record in the light most favorable to the non-moving party; (ii) detects, but does not decide, genuine issues of material fact; and (iii) denies the motion if a material fact is in dispute."[18] A fact is material if it "might affect the outcome of the suit

---

[12] *Id.*
[13] *Id.*
[14] Mot. for Summ. J.
[15] *Id.* ¶¶ 3, 5. JPMorgan also searched the records maintained by the Department of Defense, Defense Manpower Data Center (the "DMDC") and determined that, according to DMDC records, Mr. Miles is not presently engaged in active military service as contemplated by the Servicemembers Civil Relief Act. *Id.* ¶ 5.
[16] D.I. 9.
[17] Super. Ct. Civ. R. 56(c). *See also Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).
[18] *US Dominion, Inc. v. Fox News Network, LLC*, 2023 WL 2730567, at *17 (Del. Super. Mar. 31,

under governing law."[19]

**11.** At the outset, the moving party bears the burden of persuasion and must demonstrate that the undisputed facts support the moving party's claims or defenses.[20] If the moving party meets this initial burden, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact.[21]

**12.** The non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts."[22] To meet its burden, the non-moving party must identify likely admissible evidence in the record that generates such an issue.[23] Mere denials and unsupported conclusory denials in an affidavit do not constitute admissible factual evidence.[24]

**13.** An important function of summary judgment is "to secure the just, speedy and inexpensive determination of every action."[25] If the Court "finds that no genuine issues of material fact exist, and the moving party has demonstrated [its] entitlement to judgment as a matter of law, then summary judgment is appropriate."[26]

### III.    ANALYSIS

**14.** In a *scire facias sur* mortgage action, the defendant must plead payment

2023) (quoting *CVR Refin., LP v. XL Specialty Ins. Co.*, 2021 WL 5492671, at *8 (Del. Super. Nov. 23, 2021)).

[19] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[20] *Moore v. Sizemore*, 405 A.2d 679, 680–81 (Del. 1979) (citing *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962)).

[21] *Id.* at 681 (citing *Hurtt v. Goleburn*, 330 A.2d 134, 135 (Del. 1974)); *see also Brzoska*, 668 A.2d at 1364.

[22] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[23] *Phila. Indem. Ins. Co. v. Bogel*, 269 A.3d 992, 1018 (Del. Super. 2021).

[24] *Kennedy v. Giannone*, 527 A.2d 732, 1987 WL 37799, at *1 (Del. June 16, 1987) (TABLE).

[25] *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (citations omitted).

[26] *Brooke v. Elihu-Evans*, 1996 WL 659491, at *2 (Del. Aug. 23, 1996) (citing *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.*, 312 A.2d 322, 325 (Del. Super. 1973)). *See also Jeffries v. Kent Cnty. Vocational Tech. Sch. Dist. Bd. of Educ.*, 743 A.2d 675, 677 (Del. Super. 1999).

or satisfaction, or avoidance of the mortgage.[27] "A plea in avoidance must 'relate to the mortgage sued upon, i.e., the plea must relate to the validity or illegality of the mortgage documents.'"[28] Examples include "acts of God, assignment, conditional liability, duress, exception, forfeiture, fraud, illegality, justification, non-performance of condition precedents [sic], ratification, unjust enrichment and waiver."[29] An unsupported denial does not, by itself, raise a genuine issue of material fact.[30]

15. Pursuant to Superior Court Civil Rule 56(e), when a motion for summary judgment is "made and supported," the non-moving party "may not rest upon the mere allegations or denials of the [non-moving] party's pleading," but "must set forth specific facts showing that there is a genuine issue for trial."[31] Further, "[i]f the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."[32]

16. Here, there is no genuine issue of material fact. Although the Court sympathizes with Mr. Miles, he does not deny that he has failed to make payments pursuant to the Mortgage, and he does not raise an affirmative defense in the Letter. Furthermore, he has not responded to JPMorgan's SJ Motion by the deadline set by the Court.

17. Therefore, pursuant to Superior Court Civil Rule 56(e), summary judgment shall be entered in JPMorgan's favor and against Mr. Miles.

---

[27] *Wells Fargo Bank, NA v. Nickel*, 2011 WL 6000787, at *2 (Del. Super. Nov. 18, 2011).
[28] *Id.* (quoting *Am. Nat'l Ins. Co. v. G-Wilm. Assocs., L.P.*, 2002 WL 31383924, at *2 (Del. Super. Oct. 18, 2002) [hereinafter *ANI Co.*]).
[29] *Id.* (citing *ANI Co.*, 2002 WL 31383924, at *2).
[30] *Teeven v. Kearns*, 1993 WL 1626514, at *4 (Del. Super. Dec. 3, 1993).
[31] Super. Ct. Civ. R. 56(e).
[32] *Id.*

For the foregoing reasons, **IT IS HEREBY ORDERED** that JPMorgan's Motion for Summary Judgment is **GRANTED**;

**IT IS FURTHER ORDERED** that Judgment is hereby entered in favor of JPMorgan and against Mr. Miles as follows:

| | | |
|---|---|---:|
| Principal Balance | $ | 23,871.28 |
| Interest[33] | $ | 1,782.18 |
| Escrow Advances | $ | 1,544.99 |
| Recoverable Balance | $ | 40.00 |
| Suspense Balance | $ | (246.71) |
| **TOTAL** | **$** | **26,991.74** |

Noel Eason Primos, Judge

NEP:tls
oc:   Prothonotary
cc:   Janet Z. Charlton, Esquire - *Via File & ServeXpress*
      Chase N. Miller, Esquire - *Via File & ServeXpress*
      Wilson L. Miles, *Pro Se - Via U.S. Mail*

---

[33] Plus interest accruing from August 1, 2023, at the per diem rate of $4.50, and late charges and advances to the date of confirmation.