# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MIDFIRST BANK,         )
                                )        C.A. No. K21L-06-005 NEP
          Plaintiff,   )
                                )        NON-ARBITRATION
     v.                  )        *In Rem*
                                )        *Sci. Fa. Sur* Mortgage Action
CATHERINE MULLANE,  )        Mortgage Record 011998010448
                                )        Book 00538 Page 0298
         Defendant.  )        Parcel No. 8-00-12901-02-4500-00001

Submitted: November 22, 2023
Decided: December 26, 2023

## ORDER

***Upon Plaintiff's Motion for Summary Judgment.***

**GRANTED**

## I.    INTRODUCTION

**1.**     Before the Court is a Motion for Summary Judgment (the "Motion") filed by Plaintiff MidFirst Bank ("MidFirst").[1]  On June 11, 2021, MidFirst filed a *scire facias sur* mortgage complaint (the "Complaint") against Defendant Catherine Mullane ("Ms. Mullane") in which it sought foreclosure of its interest in the property located at 193 New Castle Avenue, Felton, Delaware 19943 (the "property") under

---

[1] Mot. for Summ. J. in Favor of Pl. (D.I. 54) [hereinafter "Mot. for Summ. J."].  Additionally, pursuant to 10 *Del. C.* § 5062A, MidFirst filed an Exemption from Loss Mitigation Affidavit concurrently with the Motion.

the mortgage referenced in the Complaint (the "Mortgage").[2]

2.    On June 23, 1998, the property was deeded to Anna M. Stanley.[3]  On July 9, 1999, Ms. Stanley deeded the property both to herself and Ms. Mullane as joint tenants with right of survivorship.[4]  On May 2, 2002, Ms. Stanley passed away.[5]

3.    The Mortgage provides that, upon Ms. Mullane's failure to pay when due an obligation or any portion thereof, then the loan shall be deemed to be in default, and MidFirst, after notice and opportunity to cure, may accelerate the sum secured by the Mortgage.[6]  In so doing, it may foreclose upon the property for the collection of the obligation together with the costs of suit, attorneys' fees, and all sums expended thereafter to preserve the property and MidFirst's security.[7]

4.    On March 28, 2023, Ms. Mullane was served with MidFirst's Complaint.[8]  On March 29, Ms. Mullane filed her Answer, in which she admitted that she ceased making mortgage payments; however, she denied that she received a notice of acceleration.[9]  She also filed a motion to dismiss alleging that the Complaint was time-barred.[10]

5.    On June 12, 2023, the Court denied Ms. Mullane's motion to dismiss,[11] and on August 31, the Court granted MidFirst's motion to dismiss Ms. Mullane's counterclaims and struck the affirmative defense set forth in paragraphs 8 through 18 of her Answer.[12]

---

[2] Compl. (D.I. 1).
[3] Mot. for Summ. J. ¶ 2.
[4] *Id.*
[5] *Id.*
[6] *See* Compl. Ex. A. (Mortgage).
[7] *See id.*
[8] D.I. 27.
[9] Answer (D.I. 28) ¶ 5.
[10] Mot. to Dismiss (D.I. 29).
[11] *See generally MidFirst Bank v. Mullane*, 2023 WL 3960843 (Del. Super. June 12, 2023) (D.I. 49).
[12] *MidFirst Bank v. Mullane*, 2023 WL 5663252, at *3 (Del. Super. Aug. 31, 2023) (D.I. 53).

**6.** On September 8, 2023, MidFirst filed the Motion.[13] Ms. Mullane was allowed until September 22, 2023, to file a response to the Motion.[14] On November 2, 2023, Ms. Mullane filed, out-of-time, a Motion for Extension of Time in which she sought a stay of proceedings for thirty days to give her an opportunity to retain legal counsel.[15] The Court denied Ms. Mullane's Motion for Extension of Time and ordered her to file a response to the Motion by November 21, 2023.[16] Ms. Mullane has not filed a response to the Motion.

**7.** On December 19, 2023, Ms. Mullane filed an Emergency Motion for Extension of Time Due to Medical Impairment seeking an additional extension of forty-five days, again to allow her to retain counsel.[17] The Court denied this Motion.[18]

## II. APPLICABLE LEGAL STANDARDS

**8.** Summary judgment is appropriate in a situation in which the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[19] The Court "(i) construes the record in the light most favorable to the non-moving party; (ii) detects, but does not decide, genuine issues of material fact; and (iii) denies the motion if a material fact is in dispute."[20] A fact is material if it "might affect the outcome of the suit under governing law."[21]

---

[13] Mot. for Summ. J.

[14] D.I. 56.

[15] Motion for Extension of Time (D.I. 57).

[16] Letter Order Nov. 6, 2023 (D.I. 60) at 2 [hereinafter "Letter Order"].

[17] D.I. 61.

[18] D.I. 66.

[19] Super. Ct. Civ. R. 56(c); *see also Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

[20] *US Dominion, Inc. v. Fox News Network, LLC*, 2023 WL 2730567, at *17 (Del. Super. Mar. 31, 2023) (quoting *CVR Refin., LP v. XL Specialty Ins. Co.*, 2021 WL 5492671, at *8 (Del. Super. Nov. 23, 2021)).

[21] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**9.** At the outset, the moving party bears the burden of persuasion, under which it must demonstrate that the undisputed facts support that party's claims or defenses.[22] If the moving party meets this initial burden, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact.[23]

**10.** The non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts."[24] To meet its burden, the non-moving party must identify likely admissible evidence in the record that generates such an issue.[25] Mere denials and unsupported conclusory denials in an affidavit do not constitute admissible factual evidence.[26]

**11.** An important function of summary judgment is "to secure the just, speedy and inexpensive determination of every action."[27] If the Court "finds that no genuine issues of material fact exist, and the moving party has demonstrated [its] entitlement to judgment as a matter of law, then summary judgment is appropriate."[28]

## III. ANALYSIS

**12.** In a *scire facias sur* mortgage action, the defendant must plead one of three defenses: (1) payment; (2) satisfaction; or (3) avoidance of the mortgage.[29] "A plea in avoidance must 'relate to the mortgage sued upon, i.e., the plea must relate

---

[22] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979) (citing *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962)).

[23] *Id.* at 681 (citing *Hurtt v. Goleburn*, 330 A.2d 134 (Del. 1974)); *see also Brzoska*, 668 A.2d at 1364.

[24] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[25] *Phila. Indem. Ins. Co. v. Bogel*, 269 A.3d 992, 1018 (Del. Super. 2021).

[26] *Kennedy v. Giannone*, 527 A.2d 732, 1987 WL 37799, at *1 (Del. 1987) (TABLE).

[27] *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (citations omitted).

[28] *Brooke v. Elihu-Evans*, 1996 WL 659491, at *2 (Del. Aug. 23, 1996) (citing *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.*, 312 A.2d 322 (Del. Super. 1973)); *see also Jeffries v. Kent Cnty. Vocational Tech. Sch. Dist. Bd. of Educ.*, 743 A.2d 675, 677 (Del. Super. 1999).

[29] *Wells Fargo Bank, NA v. Nickel*, 2011 WL 6000787, at *2 (Del. Super. Nov. 18, 2011).

4

to the validity or illegality of the mortgage documents.'"[30] Examples include "acts of God, assignment, conditional liability, duress, exception, forfeiture, fraud, illegality, justification, non-performance of condition precedents [sic], ratification, unjust enrichment and waiver."[31] Finally, an unsupported defense does not, by itself, raise a genuine issue of material fact.[32]

13. Pursuant to Superior Court Civil Rule 56(e), when a motion for summary judgment has been "made and supported," the non-moving party "may not rest upon the mere allegations or denials of the [non-moving] party's pleading," but "must set forth specific facts showing that there is a genuine issue for trial."[33] Furthermore, "[i]f the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."[34]

14. Here, MidFirst has demonstrated that there are no genuine issues of material fact and that it is legally entitled to judgment as a matter of law. Ms. Mullane has filed no response, although the Court granted her additional time— nearly two months after her initial response was due—to file such a response. Summary judgment is appropriate for two reasons: first, because the denials in Ms. Mullane's Answer do not raise a genuine issue of material fact, and her affirmative defenses (essentially, statute of limitations and unclean hands) have been denied or stricken;[35] and second, she is not allowed by Rule 56 to rely upon the allegations and denials of her Answer but must set forth specific facts showing that there is a genuine issue for trial, and she has failed to do so.

---

[30] *Id.* (quoting *Am. Nat. Ins. Co. v. G-Wilmington Assocs., L.P.*, 2002 WL 31383924, at *2 (Del. Super. Oct. 18, 2002)) [hereinafter "*ANI Co.*"].
[31] *Id.* (citing *ANI Co.*, 2002 WL 31383924, at *2).
[32] *Teeven v. Kearns*, 1993 WL 1626514, at *4 (Del. Super. Dec. 3, 1993).
[33] Super. Ct. Civ. R. 56(e).
[34] *Id.*
[35] *See MidFirst Bank v. Mullane*, 2023 WL 3960843, at *2; *MidFirst Bank v. Mullane*, 2023 WL 5663252, at *3.

**15.** Therefore, pursuant to Superior Court Civil Rule 56(e), summary judgment shall be entered in MidFirst's favor and against Ms. Mullane.

For the foregoing reasons, **IT IS HEREBY ORDERED** that MidFirst's Motion for Summary Judgment is **GRANTED**;

**IT IS FURTHER ORDERED** that Judgment is hereby entered against Ms. Mullane in the following amount, to be levied out of the premises described in the Mortgage:

| | | |
|---|---|---:|
| Principal Balance | $ | 31,895.04 |
| Interest from 06/01/2018 to 12/26/23 | $ | 11,546.08 |
| Incurred Fees | $ | 9,210.81 |
| Taxes | $ | 7,091.86 |
| Insurance | $ | 679.50 |
| Late Charges | $ | 1,091.91 |
| **TOTAL DEBT DUE** | **$** | **61,515.20** |

**IT IS FURTHER ORDERED** that the following are included in the judgment: interest to date of confirmation, escrow advances to date of confirmation, reasonable counsel fees as provided in the Mortgage, costs, and all other sums now due or that may become due under the Mortgage.

_____
Noel Eason Primos, Judge


NEP:tls
oc:    Prothonotary
cc:    Melanie J. Thompson, Esquire, Orlans PC - *Via File & ServeXpress*
        Catherine Mullane, *Pro Se – Via U.S. Mail*